**SMITH–CALHOUN RUBBER CO. v. McGHEE RUBBER CO. et al.   (No. 8662.)**

(Court of Civil Appeals of Texas.   Dallas. Nov. 5, 1921.   Rehearing Denied Dec. 10, 1921.)

1. **Receivers ⬅⬤⮕19—Petition held to show necessity for appointment of receiver.**

Petition alleging that partners, while indebted to plaintiff, had attempted to sell their business, including the stock and fixtures, to defendant corporation organized with name similar to that under which the partners had engaged in business to do a similar business at the same place, that requirements of the Bulk Sales Law (Rev. St. art. 3971) were not complied with in the transfer of the stock and fixtures, that by reason of such transfer of stock and fixtures the partners were without property to satisfy plaintiff's debt, that such property was being dissipated, and that the appointment of the receiver for the corporation was necessary to subject the property to the payment of plaintiff's claim, *held* sufficient to show necessity for appointment of a receiver for the corporation.

2. **Fraudulent conveyances ⬅⬤⮕47—Partners' sale of business to corporation with name similar to copartnership without compliance with Bulk Sales Act void as to creditors.**

Transfer by partners of their stock and fixtures to a corporation organized with same name as that under which the partners had been engaged in business to do a similar business at the same place without compliance with the requirements of the Bulk Sales Law (Rev. St. art. 3971) *held* void as to partners' creditor.

3. **Fraudulent conveyances ⬅⬤⮕172(1)—Sale made without compliance with Bulk Sales Law, making sale void, voidable merely at instance of seller's creditor.**

A sale made without compliance with the Bulk Sales Law (Rev. St. art. 3971), making such sale "void as against creditors of the seller," is void only as between the seller and a creditor of the seller seeking to enforce payment of his debt, and, if the creditors acquiesce in a sale and transfer made without compliance with the statute, the purchaser cannot invoke the statute to defeat any relief the seller may seek aginst him to enforce payment of the purchase price; the sale being merely voidable at the instance of the creditors.

4. **Fraudulent conveyances ⬅⬤⮕47—Bulk Sales Law strictly construed.**

The Bulk Sales Law (Rev. St. art. 3971), being restricted and in derogation of the free alienation of property, is to be strictly construed and will not be extended to apply to a transaction not clearly within its terms.

5. **Monopolies ⬅⬤⮕17(2)—Sale of good will of business in certain territory and agreement not to engage in business therein held not illegal.**

Contract whereby concern, engaged in business in Dallas, sold a stock of goods and fixtures with the concern's good will in Fort Worth and surrounding territory to partnership organized to take over the concern's business in such territory, and whereby such concern agreed not to pursue the same business in such Fort Worth territory, *held* not violative of Rev. St. art. 7798, subd. 1, denouncing as unlawful agreements by persons engaged in buying or selling merchandise to refuse to buy such merchandise from or sell it to any other firms, corporations, associations, or persons.

6. **Monopolies ⬅⬤⮕17(2)—Intention of parties controls in ascertaining whether contract is violative of statute prohibiting agreement in restraint of trade.**

In determining whether a contract is in violation of Rev. St. art. 7798, subd. 1, prohibiting persons engaged in buying or selling any article of merchandise from agreeing to refuse to buy such merchandise from or sell it to other persons, the purpose and intention of the parties must govern.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by the McGhee Rubber Company and others against the Smith-Calhoun Rubber Company. From order overruling motion to vacate the appointment of a receiver, defendant appeals. Affirmed.

H. L. Stuart, of Oklahoma City, Okl., L. J. Wardlaw, of Fort Worth, and W. H. Lipscomb, of San Antonio, for appellant.

Eugene De Bogory, of Dallas, for appellees.

HAMILTON, J. This is an appeal from an interlocutory order of the trial court overruling a motion to vacate the appointment of a receiver.

---

⬅⬤⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit was instituted by appellees upon a petition alleging the sale by McGhee Rubber Company, a corporation domiciled in Dallas, of a stock of merchandise and fixtures located in Fort Worth to Smith-Calhoun Rubber Company, a partnership; the consideration being the execution and delivery of six promissory notes, aggregating $30,000. The notes, it was alleged, each contained a provision for accelerated maturity of all of them upon failure to pay any one at its maturity, according to its terms; and further that each note also contained the stipulation that should the makers sell out the business before the maturity of the notes this, at the holder's option, should mature those then unpaid. It was alleged that the notes were secured by a chattle mortgage upon certain property pratically worthless as security, and that even if it had any value, it was situated in a certain de-scribed way which was declared to render it unavailable as security.

It was alleged that one of the appellees, Mrs. B. F. Spruce, bought note No. 2 of the series before its maturity. These additional allegations were made: That Smith-Calhoun Rubber Company, while owing the debt, attempted to sell the partnership business, stock, and fixtures to Smith-Calhoun Rubber Company, a corporation organized under the partnership name, Smith-Calhoun Rubber Company, and doing business at the same place; that the transfer of the stock and fixtures was not in the regular prosecution of the business, and that it was characterized by none of the requirements of the Bulk Sales Law; that after the transfer to the corporation, as recited, on a date specified, one of the parties defendant, for value received, executed a draft on Smith-Calhoun Rubber Company in favor of McGhee Rubber Company for $814.83, which was delivered to and deposited by McGhee Rubber Company to its credit at a Dallas bank; that the Smith-Calhoun Rubber Company refused to honor the draft, the amount of which was charged to McGhee Rubber Company and the draft sold to Mrs. Maggie McGhee for its face value; that the corporation was made a party to the suit for the purpose of putting it into the hands of a receiver; that by reason of the wrongful acts of T. R. H. Smith and W. R. Calhoun, and of the partnership they composed, certain property belonging to T. R. H. Smith and W. R. Calhoun and the partnership had been delivered to the corporate defendant in violation of law and with the result of depriving Smith and Calhoun of the means of paying their debt to plaintiffs; that the stock and fixtures are not in the corporation's possession and that the stock is being dissipated; and that receivership is sought to subject the property and the funds to plaintiffs' claims, and that the action is brought against the corporate defendant to vacate the fraudulent purchase of property legally belonging to the individual defendants.

Appellant's contentions against the order of the court are embodied in eight assignments of error. The first is that the petition was insufficient as a matter of law to warrant the appointment of a receiver, and that the court erred in refusing to sustain a general demurrer to this effect.

[1, 2] The general demurrer was properly overruled. The contents of the petition are set out above to an extent that we think it is made apparent that grounds for the appointment of a receiver were sufficiently alleged. The allegations at least show appellees to be in position to pursue the property in the possession of the corporation by virtue of the terms of the Bulk Sales Law (Article 3971, Rev. Civ. Stats.) The sale to the corporation was subject to be considered a nullity by appellees, by reason of the provisions of this article, under the allegations, and, that it was a fraudulent sale, actually or impliedly, was also the necessary effect of the allegations. By the allegations that the sale was void and fraudulent appellants put themselves in the position of a creditor seeking to subject the property to his claim. Furthermore, the allegations all taken together clearly suggested the propriety of appointing a receiver to prevent the alleged fraudulent and void transfer from being consumated in the destruction and dissipation of the funds and property alleged to have passed to the possession of the corporation by the void and fraudulent transfer, leaving the individuals who owed the debt without any means of payment. In such situation as was alleged it is within the power of a chancellor, in his sound discretion, to put the property in the hands of a disinterested person responsible to the court, under the general equity usage without regard to any specific statutory authority.

The second assignment of error is to the effect that the receivership ought to have been vacated and the order appointing the receiver set aside, because the notes sued upon were executed by W. R. Calhoun and T. R. H. Smith in consideration of the sale and transfer by the McGhee Rubber Company to the said Calhoun and Smith, as trustees, of a stock of goods in bulk and out of the ordinary course of business without compliance with the provisions of article 3971 of the Revised Civil Statutes of Texas, above mentioned.

It appears from the evidence that at the time the sale was made by the McGhee Rubber Company to the firm of Calhoun and Smith, the former had a few creditors. The sale was made on the 22d day of September, 1920. The suit was filed on the 22d day of April, 1921. In the meantime no creditor of McGhee Rubber Company had made any complaint, and none of them was complaining

when the receiver was appointed. The evidence completely excludes the idea that the sale was not made in actual good faith.

Article 3971 of the Revised Statutes is as follows:

"Art. 3971. *Merchandise, Sales in Bulk, Void When, etc., Unless, etc.*—Any sale or transfer of any portion of a stock of merchandise, otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferrer's business, or a sale or transfer of an entire stock of merchandise in bulk, shall be void as against creditors of the seller or transferrer, unless the purchaser or transferree shall, at least ten days before the sale or transfer, in good faith, make full and explicit inquiry of the seller or transferrer as to the name and place of residence or the place of business of each and all creditors of the seller or transferrer, and the amount owing to each such creditor by the seller or transferrer, and obtain from the seller or transferrer a written answer to such inquiries, which answers shall be sworn to by the seller or transferrer, and unless the purchaser or transferree, at least ten days before the sale or transfer, in good faith, notify or cause to be notified personally, or by registered mail, each of the seller's or transferrer's creditors, of whom the purchaser or transferree has knowledge, of said proposed sale or transfer."

[3, 4] We think that a sale which is not in compliance with the provisions of this article of the statute is void only as between the seller and a creditor of the seller seeking to enforce payment of his debt, and that if the creditors acquiesce in a sale and transfer made without compliance with the provisions of this article, the purchaser cannot invoke its terms to defeat any relief the seller may seek against him to enforce payment of the purchase price. The statute being a restrictive one in derogation of the free alienation of property, it is to be strictly construed and will not be extended to apply to a transaction not clearly within its terms. The provision that "sales shall be void as against creditors," etc., is to be construed to the effect that such sales shall be voidable at the instance of creditors. Keeping in mind the purpose sought to be achieved by the statute and also that Legislatures and others use the terms "void" and "voidable" without regard to the strict legal distinction between them, we think the legislative intent reflected in the statute renders any other construction clearly erroneous. Warren v. Parlin-Orendorff Co., 207 S. W. 586; McGreenery v. Murphy, 76 N. H. 338, 82 Atl. 720, 39 L. R. A. (N. S.) 374; Schwartz v. King Realty Co., 93 N. J. Law, 111, 107 Atl. 154; Taylor v. Folds, 2 Ga. App. 453, 58 S. E. 683; Escalle v. Mark (Nev.) 183 Pac. 387, 5 A. L. R. 1512. We therefore overrule the second assignment of error.

[5] Appellant contends that the court erred in refusing to vacate and set aside the order appointing the receiver, because the evidence shows the consideration for the notes to be illegal for the reason that at the time the McGhee Rubber Company made the sale to Smith and Calhoun, it was engaged in the sale of the same character of merchandise at Dallas, and agreed by the terms of the sale that it would not longer pursue the business or sell any of its goods in certain counties which were designated as the "Fort Worth Territory," thereby constituting the contract one in violation of subdivision 1 of article 7798, Revised Civil Statutes, which statute denounces as unlawful any agreement between two or more persons, firms, corporations, or associations of persons, who are engaged in buying or selling any article of merchandise, produce, or commodity, to refuse to buy from or sell to any other firm, corporation, or association of persons, such article, produce, or commodity. This contention is embodied in the third and fourth assignments of error.

We do not think the evidence necessarily brings the transaction within the terms of the statute so as to give it the effect contended for by appellant. Smith and Calhoun were not engaged in the same business at Fort Worth or anywhere else as that in which McGhee Rubber Company was engaged in Fort Worth and Dallas at the time the sale was made. McGhee Rubber Company, besides selling its stock and fixtures to Smith and Calhoun, agreed not to pursue the same business at Fort Worth any further, and agreed not to engage in the business again in what was agreed upon as the trade territory surrounding the city of Fort Worth.

George McGhee testified in behalf of McGhee Rubber Company that at the time there was no agreement as to counties; that a list of accounts was made out in the territory covered by McGhee Rubber Company's men; that McGhee Rubber Company agreed to write a special letter to the customers in the Fort Worth territory telling them that it had sold its business and good will to Smith and Calhoun, and requesting those customers to give Smith and Calhoun their entire business. He testified that there was no agreement "to sell or not to sell counties." He stated that the reason why the McGhee Rubber Company had not sold or attempted to sell any goods in the Fort Worth territory was because the Fort Worth business and good will were sold to Smith and Calhoun. Our attention is called to no evidence in the record impeaching this testimony.

[6] So we do not think the evidence as a whole reveals a purpose to establish a "combination" or "trust," which would authorize us to say that for such reason the contract was invalid. It seems to be well settled that the purpose and intention of the parties, when a contract is assailed as being in vio-

lation of the above-quoted statute, must govern in arriving at a conclusion as to whether or not the contract violates the statute. Applying the rule of construction which seems to prevail and control under the decisions in this state, we think the contract in the light of the record as a whole was valid and enforceable, and in no respect in contravention of statutory inhibition. From the proof the conclusion could be derived that the transaction involved a sale of good will rather than a conspiracy or combination restraining trade. Moreover, we do not think the effect of it appears to have been to prevent competition in violation of the statute. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Dannell v. Sherman Transfer Co., 211 S. W. 297.

The fifth and sixth assignments of error present the respective propositions that the court erred in refusing to vacate and set aside the order appointing a receiver because Mrs. B. F. Spruce, alleged to own one of the notes sued upon, acquired it with notice of the facts which appellant contends invalidate all the notes, and that Mrs. Maggie McGhee, who is alleged to own the $814.83 draft, acquired it with notice of the facts alleged by appellant to constitute the consideration for the purchase by her illegal, and to impeach its validity upon the same grounds which appellant contends vitiated and rendered invalid all the indebtedness sued upon. The seventh assignment of error and the eighth assignment of error respectively submit the proposition that the court erred in overruling the motion to vacate the order appointing the receiver because under the evidence the merchandise in the hands of the receiver does not constitute a trust fund to secure the payment of appellees' claims, and because the merchandise put into the hands of the receiver is a trust fund for the payment of the creditors of McGhee Rubber Company.

From what we have said in disposing of the first four assignments of error, it necessarily follows that in our view the fifth, sixth, seventh, and eighth assignments are unmeritorious. The petition being sufficient to reveal a condition justifying the appointment of a receiver, and the evidence being such that we cannot say the court abused his sound discretion in making the appointment, and the sale by McGhee Rubber Company to Smith and Calhoun violating neither the Bulk Sales Law nor the anti-trust statute, we deem it unnecessary to discuss any of the last four assignments of error. Under the views above expressed with reference to what is involved in the first four assignments of error, the others, which in their nature are ancillary to them, and which are based upon the assumption of the soundness of them, are of necessity without merit.

The judgment of the court below is affirmed.