### QUICKSILVER v. HAYNES.
### No. 6147.

Circuit Court of Appeals, Fifth Circuit.
Feb. 15, 1932.

Rehearing Denied March 11, 1932.

James T. Montgomery, Guy Rogers, and John E. Kilgore, all of Wichita Falls, Tex., for appellant.

Harry C. Weeks, of Wichita Falls, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case the facts are admitted and may be briefly stated. Samuel and William Quicksilver, brothers, were partners in a mercantile business. In 1927, a third brother, Nate Quicksilver, was admitted to a one-third interest in the partnership, for which he paid $5,000. This money he borrowed from a fourth brother, Edward Quicksilver. For convenience, these parties will be hereafter referred to merely by their given names. The partnership was operating two stores, one at Odessa and one at Wichita Falls, Tex. In May, 1929, the partnership was dissolved, and by agreement Nate took the Odessa store and Samuel and William retained the Wichita Falls store. Nate assumed all the obligations of the Odessa store and in addition agreed to pay Samuel and William $4,500. The partnership was solvent when this transaction was had. In September, 1929, Nate's health having become bad, he entered into an agreement with Samuel and William by which they took back the Odessa store. Nate had paid $2,000 on his obligation of $4,500, leaving a balance of $2,500. This Samuel and William agreed to cancel. The inventory of the Odessa store amounted to $5,000 in merchandise, and the fixtures were valued at $1,800. It owed $1,800 in mercantile accounts, which Samuel and William assumed. In addition thereto, they assumed a balance of $4,200 owed by Nate to Edward on the loan which had enabled him to become a partner originally, and subsequently gave their note for it. In neither of these transactions was the Bulk Sales Law of Texas complied with. The partnership composed of Samuel and William was adjudicated bankrupt in January, 1930. The Odessa store was still in possession of the firm, and was taken over by the trustee and sold. Edward sought to prove up his note as against the bankrupt estate. The trustee objected, and, after a hearing, the referee held that, because the Bulk Sales Law of Texas had not been complied with in the transfer of the Odessa store to Nate, it was void as to creditors, and its transfer back to the partnership could furnish no consideration for the assumption of Nate's individual debt to Edward. Consequently, Edward's claim was disallowed. On review by the District Court, the ruling of the referee was affirmed. To reverse that judgment this appeal is prosecuted.

The Bulk Sales Law of Texas is to be found in articles 4001, 4002, 4003, R. C. S. 1925. Only article 4001 has any application to this case. It provides as follows: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or transferor with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each creditor whose name and address is stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

Apparently the Texas courts have not had occasion to construe the statute as applied to a transaction between partners such as first above set out. The decisions of the courts of other states construing similar statutes are in conflict. It would be useless to review all of these cases, as none of them is controlling. However, the Texas courts have held that the Bulk Sales Law is to be strictly construed as in derogation of common law, and is not to be extended by implication to analogous transactions not clearly within its terms. Axtell Co. v. Word (Tex. Civ. App.) 29 S.W. (2d) 421. They have also held that a trans-

action in violation of its terms is not absolutely void, but is merely voidable at the instance of creditors. Freedman & Mellinger v. Maier (Tex. Civ. App.) 238 S. W. 1013. And have further held that the transaction is valid as between the parties. Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S. W. 772.

■ Bulk sales laws are for the protection of creditors, and are designed to prevent the putting of assets beyond their reach. The transaction by which Nate acquired the Odessa store and Samuel and William obtained the Wichita Falls store was a dissolution of the partnership and a partition of the assets in kind. Practically no change of ownership or possession occurred. Each had a one-third interest in the assets and the partition merely set aside to each certain definite property instead of an undivided interest in all. The rights of creditors were not at all affected by the transaction. All the partners continued to be bound for the debts of the old partnership, and the assets remained in their hands subject to the claim of creditors. It was neither a sale nor a transfer within the contemplation of the Bulk Sales Law. We conclude that this transaction was not in violation of the bulk sales laws of Texas. This conclusion is supported by the following authorities construing similar statutes: Yancey v. Lamar-Rankin Drug Co., 140 Ga. 359, 78 S. E. 1078; Fairfield Shoe Co. v. Olds, 176 Ind. 526, 96 N. E. 592.

■ After the first transaction, a new entity was created, in the partnership between Samuel and William. It had no interest whatever in the assets transferred to Nate, nor would new creditors of that partnership have any interest in them. It may be conceded that the second transaction by which the Odessa store was transferred to the new partnership was in violation of the statute, but that did not adversely affect the rights of appellant. On the contrary, as he was a creditor within the meaning of the law, he was protected by it, and, in common with all the other creditors of Nate, he had, pro rata, an equitable lien upon the assets transferred. Gardner v. Goodner (Tex. Civ. App.) 247 S. W. 291.

It is not suggested that any of the parties was guilty of actual fraud or bad faith. The partnership of Samuel and William received ample consideration for the assumption of Nate's debt to Edward. We conclude that appellant was entitled to make his proof of debt based upon the note of the partnership. It follows that the judgment appealed from must be reversed.

Reversed and remanded.