## ASHTON et ux. v. LEYSEN.

### No. 14299.

Court of Civil Appeals of Texas. Dallas.
Jan. 12, 1951.

Rehearing Denied Feb. 23, 1951.

Second Motion for Rehearing Denied
March 16, 1951.

Thompson, Coe & McCord, Dallas, for appellants.

Margaret A. Brand, Dallas, for appellee.

CRAMER, Justice.

Appellee, as seller, filed this suit in the trial court against appellants, as purchasers, to recover an escrow deposit of $500 placed in connection with a written contract for the sale of a gift shop business in the City of Dallas. The parties will be designated as seller and purchasers in this opinion. The material facts are as follows: The contract of sale, although on a real estate form, is sufficient and sets out with clarity the terms of the sale. In substance purchasers agreed to pay $2,000 for the fixtures and equipment, plus actual inventory value of the stock, and to assume the lease on the rented building housing the business. Accounts receivable were to be agreed upon at date of closing; seller was to pay

all outstanding obligations and, according to the contract, the transfer was to be "* * * free and clear of any and all encumbrances, except those herein named * * *." The instrument also provided for the forfeiture of the $500 escrow deposit in case of failure or refusal of purchasers to complete the contract; for proration of taxes, etc. Before completion of the sale, purchasers demanded that seller comply with the bulk sales law, Articles 4001–2–3, Vernon's Texas Civil Statutes, which seller refused to do. After such refusal, purchasers declined to go further without such compliance.

On trial before the court, without a jury, seller prevailed and was awarded judgment for the $500 deposit as against the purchasers, from which judgment purchasers duly perfected this appeal.

Purchasers assign but one point of error, in substance, error in holding that the bulk sales law was not an inherent part of the contract and they, as purchasers of bulk merchandise, were not entitled to be protected thereunder. Seller counters by asserting that the bulk sales law as amended is for the benefit of the creditors and cannot become a part of the contract between the parties as seller and purchaser of the business, unless specifically mentioned in the contract.

It is our opinion that a failure to comply with the bulk sales law would not have transferred the stock of goods free and clear of encumbrances.

The record shows that seller, at the time she offered to close, had written checks for what she testified were all of the then known accounts of such business and due by her; further, that she had $500 set aside to cover anything left over.

The testimony further shows that the books of the business which would have shown purchases and invoice prices on such purchases of merchandise were not available and that seller had not furnished such books for inspection by purchasers' auditor, although they were demanded of her, and that purchasers' auditor had to prepare the invoice in connection with the sale by taking the retail price marked on the items and dividing the same by two to get the cost price, since the only rule he had to go by was seller's statement that she had marked up the cost 100% as the sale price.

Under the bulk sales law, the sale, as between seller and purchaser, is void as to creditors unless such bulk sales law is complied with. This provision of the law, we hold, is as much a part of the contract as if it had been written into the contract verbatim. If purchasers had not made the demand for compliance with the bulk sales law, or had purchased the stock of goods without compliance, they would have held the stock of goods, not as absolute owners, free and clear of encumbrances, but as trustees for the creditors of said business, and such stock of goods would have been liable for the payment of such debts if such creditors had not thereafter been paid. Such legal consequences would result, whether the contract referred to and made the law a part of the contract or not. The fact that the evidence shows the seller had stated to purchasers that she had checks made out ready to be mailed upon the closing of the deal, and had a reserve of $500 to pay such creditors as she did not then know about, did not comply with the bulk sales law; and purchasers' acceptance of such statement would not have had the effect of wiping out any right the creditors would have had under the bulk sales law.

The cases cited by seller, to wit, Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S.W. 772; Freedman & Mellinger v. Maier, Tex.Civ.App., 238 S.W. 1013; Smith-Calhoun Rubber Co. v. McGhee Rubber Co., Tex.Civ.App., 235 S.W. 321; and Quicksilver v. Haynes, 5 Cir., 56 F.2d 59, are not in point on the fact situation here and the expressions in such cases to the effect that the bulk sales law is for the sole benefit of the creditors has no application to the facts here.

The trial court therefore erred in its judgment and such judgment must be here reversed and judgment here rendered in favor of Floyd P. Ashton and wife, against Edna Hunter Leysen, for the escrow deposit of $500, plus costs.

Reversed and rendered.

## On Rehearing.

Appellant has filed a strong motion for rehearing asserting that in our original opinion we are in conflict with the holding of the San Antonio Court of Civil Appeals in the case of Freedman & Mellinger v. Maier, 238 S.W. 1013, 1014, writ dismissed for want of jurisdiction.

The Court in the Freedman case holds: "This law obviously was passed for the protection and benefit of the creditors and they would have their right to enforce the same in any sale. At most, they would have a lien on the goods. Such a lien, if it did exist, by the terms of the law as a statutory lien, would no more prevent the owner from selling than any other lien thereon would inhibit it. * * * The Bulk Sales Law, for the protection of the creditors, may properly be said to be read into every contract for the sale of goods and merchandise in bulk. That is all. It is not to be read therein for the benefit or protection of purchasers against their failure to make proper reservations. They must look out for themselves in making their contracts, having knowledge of the law in reference to such sales, and should protect themselves by contract, verbal or written. The same rule of law or reason does not apply to purchasers as it does to creditors. In such sales the creditors would perhaps have no actual notice of such sales, in order to protect themselves; whereas, the purchaser is in a position when he makes the contract to write in the contract the requirements of the law, and, if not prudent and diligent, can claim no protection of the law made for the benefit of creditors."

As we view our original opinion, nothing therein holds that the sale by appellee Leysen to appellant Ashton was void or voidable "because of the Bulk Sales Law." What we held and intended to hold was that appellee as seller agreed to pay all outstanding obligations and to transfer the business and stock of goods "free and clear of any and all encumbrances except those named in the contract."

It was undisputed that at the time appellee demanded that appellant complete the sale and pay the agreed consideration, there were outstanding accounts owing by appellee-seller covering merchandise which was a part of the stock in the business being sold.

Unless all debts had been paid or appellant furnished the affidavit required by the Bulk Sales Law stating that all debts had been paid, appellee would not have been complying with the contract by transferring the stock of goods free and clear of liens.

It was our purpose to hold in our original opinion that appellant was not required to accept the stock of goods charged with the statutory lien created by the Bulk Sales Law, notwithstanding his contract to the contrary, and that he was justified in refusing to go through with his contract without compliance by appellee with the Bulk Sales Law. If such holding is in conflict with the Freedman-Maier case, supra, then we are intentionally in conflict therewith.

The motion for rehearing is overruled.