OLD COLONY TRUST COMPANY, Appellant, *v.* COLUMBIA TRUST COMPANY, Respondent.

First Department, October 31, 1924.

Sales — action against assignee of seller of sugar to recover overpayment — action brought by bank issuing letter of credit at request of buyer in favor of seller — contract of sale and letter of credit were assigned to defendant — complaint alleged that " ex dock, duty paid New York, net landed weights to govern," means that payments made on basis of bill of lading should be adjusted to actual weights — under allegations of complaint defendant was assignee of seller and not agent — no express agreement by assignee to repay overpayment is necessary — defendant estopped to say that it could not be assignee of letter of credit in connection with contract of sale — title to money paid out was in plaintiff — complaint is sufficient.

A complaint in an action by a bank, which issued a letter of credit at the request of the buyer in favor of the seller, to recover the amount of overpayment made for sugar, is sufficient, which alleges that an irrevocable letter of credit directed to the seller was established; that payments were made on the basis of ocean bills of lading and that the sugar when received was of less weight than represented by the bills of lading; that by general and long-settled usage of the import trade the meaning of the words " ex dock, duty paid New York, net landed weights to govern," as used in the letter of credit is that payment made on the basis of ocean bills of lading is subject to adjustment according to the net landed weights of the goods; that said usage was well known to the buyer and seller and to the defendant; that the contract of sale and the letter of credit were assigned to the defendant; and that the drafts were collected by the defendant to the full amount of the letter of credit which was more than the actual price of the sugar delivered.

Under the allegations of the complaint, the defendant was the assignee of both the contract and the letter of credit before and at the time when the defendant issued the delivery orders on the strength of which, with the invoices, the payments were made to the defendant for the quantities of sugar stated therein and it was not a mere conduit through which collection was made for the seller of the goods.

The defendant, under the allegations of the complaint, was acting as principal in the transaction, and the payments made on the orders in excess of the actual

45

quantities which had arrived were, with it, as principal as assignee of the seller and no express agreement for repayment by such assignee is necessary for recovery of the excess payment made to it for itself as the result of incorrect delivery orders issued by it as assignee and principal. Its obligation under the circumstances stated in the complaint to return the overpayment is neither dependent upon nor negatived by an express agreement of the original seller and assignor to return overpayments.

The defendant is estopped from saying that it could not become an assignee as to the letter of credit, in connection with the contract to sell and deliver, after it has accepted the assignment, acted thereunder and induced plaintiff to accept and pay it as assignee; it will not be allowed to say there was an absence of privity of contract necessary to its becoming a principal.

The complaint alleges that the bank which paid the drafts paid out of plaintiff's moneys the payment to defendant in excess of the purchase price, and the fair meaning of this allegation and others read with it is, that the plaintiff paid out its own money and, therefore, the complaint shows that the plaintiff had title to what it paid out, notwithstanding it may have advanced that amount on the buyer's account.

APPEAL by the plaintiff, Old Colony Trust Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of October, 1923, granting the defendant's motion made after answer for judgment dismissing the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

*Breed, Abbott & Morgan* [*Eugene W. Leake* of counsel; *Henry H. Abbott* and *Hiram Thomas* with him on the brief], for the appellant.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* of counsel; *James M. Gifford* with him on the brief], for the respondent.

MARTIN, J.:

The plaintiff sues to recover an overpayment of $115,005.33, part of $3,328,998.75 paid to defendant on invoices and on defendant's delivery orders for 13,450,500 pounds of sugar.

The complaint alleges that on or about May 5, 1920, Kemp-Rogow Corporation agreed to sell to W. F. Childs & Company, Ltd., 6,100 tons of 2,205 pounds each, of Bohemian refined sugar, at the price of twenty-four dollars and seventy-five cents per 100 pounds, "ex dock, duty paid New York, net landed weights to govern." Payment was to be made to Kemp-Rogow Corporation, or their order, cash against delivery order immediately upon arrival of sugar by confirmed, irrevocable letter of credit for the full value of the sugar in favor of Kemp-Rogow Corporation or their order.

The contract was assigned by Kemp-Rogow Corporation, with all its rights thereunder, to defendant. Plaintiff at the request of the buyer issued an irrevocable letter of credit reading:

" OLD COLONY TRUST COMPANY
" Commercial Letter of Credit
" BOSTON, MASS., U. S. A.

" KEMP-ROGOW CORPORATION,                    " *May 15th*, 1920.
       " 320 Broadway, New York City:

" GENTLEMEN.— We hereby authorize you to value on National Bank of Commerce in New York, New York City, for account of Messrs. W. F. Childs & Company, Ltd., Chicago, Illinois. Up to an aggregate amount of Three Million three hundred twenty-eight thousand nine hundred ninety-nine ($3,328,999.00) Dollars available by your drafts at Sight for the invoice value of 6100 tons (2205 lbs. each) Bohemian Refined Sugar at 24¾c ex dock duty paid New York to be shipped from Hamburg ½ June ½ up to July 15th to New York. The shipments must be completed and the drafts negotiated on or before July 30, 1920.

" The undersigned agree with the drawers, endorsers and *bona fide* holders of drafts drawn under and in compliance with this letter of credit that the same shall be duly honored upon presentation at the office of National Bank of Commerce in New York, New York City, if accompanied by Plain invoice — consular invoice and negotiable bills of lading or delivery order of the Columbia Trust Company, New York City, insurance (including war risk) to be effected by purchaser.

" The amount of each draft negotiated together with date of negotiation must be endorsed on back thereof.

" Drafts under this letter of credit must read: ' Drawn under Old Colony Trust Company Letter of Credit Number 1449 dated Boston. Mass. May 15th, 1920.' and are to be advised to Old Colony Trust Company, Boston, Mass. U. S. A.

" Countersigned
       " F. G. P. *V. P.*
                    "OLD COLONY TRUST COMPANY
                              " J. W. H. *Vice-President.*"

The letter of credit was also assigned by the Kemp-Rogow Corporation, with all its rights thereunder, to defendant. It is alleged that " By general and long settled usage of the import trade the meaning of the words ' ex dock duty paid New York ' as used in said letter of credit is that payment is subject to adjustment according to the net landed weights of the goods; that if before such weights are ascertained drafts are presented and payment demanded on the basis of weights shown by ocean bills of lading or invoices or delivery orders, payment shall be made on that basis and when the net landed weights are ascertained the person receiving such payment shall upon demand repay to the bank making such

payment any excess over and above the price payable on the basis of such net landed weights." During all the times herein mentioned said usage and meaning were, according to the complaint, well known to said W. F. Childs & Co., Ltd., said Kemp-Rogow Corporation, plaintiff and defendant.

Kemp-Rogow Corporation drew upon the National Bank of Commerce in New York, under and pursuant to the said letter of credit, drafts to the order of " ourselves " for sums aggregating $3,328,998.75 " for the purchase price of the sugar described in the said contract of sale," indorsed said drafts in blank and delivered them to defendant " as the assignee of said contract of sale and said letter of credit." The indorsed drafts, together with invoices and defendant's delivery orders for quantities of sugar aggregating 13,450,500 pounds (the full 6,100 tons), were presented by defendant to the National Bank of Commerce and were paid by that bank to defendant in amounts aggregating $3,328,998.75.

When payments were made the sugar had not been weighed in this country. The net weights thereof had not been determined and the payments were made by the bank according to the statement of weights contained in invoices and delivery orders and without any knowledge of the true weights of the sugar. The payments were made by the National Bank of Commerce " for and in behalf of plaintiff with funds advanced by plaintiff for the account of W. F. Child & Co., Ltd.," for the purpose of paying the purchase price of the sugar, and they " were made in the belief that they represented the amount due under the contract of sale."

When the net landed weights of the sugar were ascertained, it was discovered that the weights were less by an aggregate of 464,668 pounds than as stated in the invoice and delivery orders. No part of the original overpayment has been repaid to plaintiff, although duly demanded.

Defendant contends that it was a mere agent for the seller. But this motion must be decided on the complaint, which sets forth that defendant was the assignee of both the contract and the letter of credit before and at the time when defendant issued the delivery orders, on the strength of which, with the invoices, the payments were made to defendant for the quantities of sugar stated therein. The complaint does not admit of a conclusion that defendant was merely " a conduit through which " collection was made for Kemp-Rogow Corporation, as suggested in the brief for respondent.

Defendant argues that plaintiff relies on the seller's promises contained in the contract of sale, and that they never became the obligations of the seller's assignees. It is asserted by defendant

that plaintiff seeks to enforce an obligation which is personal to the seller and which defendant never assumed. The answer to this is that, according to the complaint, the payments, made on the orders in excess of the actual quantities which had arrived, were transactions with defendant as principal, as an assignee of the seller; and that no express agreement for repayment by such an assignee is necessary for a recovery of the excess payment made to it, for itself, as a result of incorrect delivery orders issued by it as assignee and principal. Its obligation, under the circumstances indicated by the pleading, to return the overpayment is neither dependent upon nor negatived by an express agreement of the original seller and assignor to return overpayments.

If the relationships between it and the seller on the one hand and plaintiff on the other are such that no liability to repay attaches to defendant, that may be pleaded, if necessary, and established upon the trial; but it does not appear from the complaint, the fair intendment of which is to the contrary.

Defendant may not be heard to say it could not become an assignee as to the letter of credit, in connection with the contract to sell and deliver, after it has accepted such an assignment, acted thereunder and induced plaintiff to accept and pay it as assignee. In this situation it will not be allowed to say there was an absence of privity of contract necessary, as it contends, to its becoming a principal.

The complaint alleges that the National Bank of Commerce paid out of plaintiff's moneys the payment to defendant, in excess of the purchase price by $115,005.33. The fair meaning of this and other allegations read with it is that plaintiff paid out its own money. Assuming that all it paid was advanced by it on the buyer's account, nevertheless the effect of the pleading is that plaintiff had title to what it paid out, as well as such title as will permit it to maintain this action to recover the excess so paid over the agreed price of what was delivered. (*Poor* v. *Guilford*, 10 N. Y. 273.)

We have reached the conclusion, therefore, that the complaint states a cause of action.

The order appealed from should, accordingly, be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to defendant to answer on payment of said costs.

CLARKE, P. J., DOWLING, SMITH and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order upon payment of said costs.