DAVID LEVINSON et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31667.)

Court of Claims, December 31, 1954.

*Louis B. Scheinman* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Royal D. Woolsey* of counsel), for defendant.

YOUNG, J. The above-entitled and numbered claim is for damages arising from a permanent appropriation by the State of part of a right of way allegedly owned by claimants over certain land located in Ulster County. When the case was moved for trial, the State made a motion to dismiss the claim on the ground that it did not set forth sufficient facts to constitute a cause of action and further that should there be a cause of action stated, it was validly released by the claimants. Decision was reserved and briefs and affidavits were submitted by the parties.

In determining the motion for dismissal for failure to state a cause of action, the court considers only the claim without reference to supporting papers or affidavits. (*Old Colony Trust Co.* v. *Columbia Trust Co.*, 210 App. Div. 705; *Citizens Trust Co. of Binghamton* v. *Merselis,* 148 Misc. 676, affd. 244 App. Div. 845, affd. 271 N. Y. 539.) Under this motion the complaint must be liberally construed (*Bown* v. *Ramsdell,* 227 App. Div. 224) and the facts alleged assumed to be true. (*Blanshard* v. *City of New York,* 141 Misc. 609, affd. 235 App. Div. 714.)

Reducing the claim herein to its essentials, it alleges: (1) a right of way owned by the claimants; (2) a permanent appropriation of that right of way by the State; (3) damages to the claimants arising out of the appropriation. Nothing more is necessary — a cause of action is stated. If the ownership of the right of way by claimants is incapable of being proven, as the State argues, it does not concern us here. (*Doucas* v. *Manfried,* 220 App. Div. 811.) That is a matter for the trial.

On the motion to dismiss on the ground that the claim has been released, the court has considered the release with its companion papers as well as the affidavits of both parties bearing on this point.

Comparing the release with its described property to the map annexed to the claim, ambiguity is evident and the court cannot even hazard a guess as to the intentions of the parties or whether one or both or neither of them was suffering under a mistake. Evidence on a trial is necessary.

The motion of the State is in all respects denied and the case restored to its position on the calendar.

Submit order.