Frank S. McCullough, J.
This is a motion by the defendant for an order extending the time of the defendant herein to answer the complaint.
It appears that a motion was previously made by this defendant to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Said prior motion was denied. An appeal tó the Appellate Division has been taken from the aforesaid order denying the motion to dismiss the complaint.
*851 Plaintiff opposes this motion on the ground that by the time the appeal is determined the one-year Statute of Limitations on a libel action may have expired.
Plaintiff also urges that the jurisdiction of this case has now been transferred to the Appellate Division and that only that court has the power to grant the relief presently sought.
With respect to the Statute of Limitations, the court notes that section 23 of the Civil Practice Act provides that if an action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such termination.
With respect to the proper forum for obtaining a stay and the question of the proper procedure to follow after an appeal such as the one at hand has been taken, the court finds the language in Carmody-Wait, New York Practice (vol. 4, pp. 719-720) particularly applicable:
“ What is a party to do whose motion to dismiss has been denied and who desires to appeal? If he answers within ten days he will have lost the benefit of his motion; and if he does not, he will be in default unless his appeal is successful. Of course, he may induce his adversary to stipulate to permit him to plead in case the decision is affirmed. The language of the Civil Practice Act section under discussion, however, does not seem broad enough to include a power in the appellate court to permit this. 1 Plead anew ’ or 1 amend ’ are literally inapplicable to a case where the party has not pleaded at all.
“ Under the former practice, on an appeal from a judgment overruling a demurrer, the appellate court possessed the power to permit the defeated appellant to plead over and commonly exercised it. The demurrer being a pleading, to answer over would have been to plead anew. The general power of the court to relieve from defaults is undoubted, and yet under a literal interpretation of the language employed, the Civil Practice Act section being considered might be deemed to preclude the appellate court from granting leave to plead de novo. Such a result, however, would be most unfortunate and it cannot be supposed that the legislature, by giving the appellate court the power to permit the defeated party whose pleading is attacked to ‘ plead anew ’ or ‘ amend, ’ meant to preclude it from granting like relief to the party who by motion has attacked the pleading of his adversary as defective.
“ In at least one case, the Appellate Division on reversal of an order granting defendant’s motion for judgment dismissing *852 the complaint gave leave to the defendant to answer within twenty days after service of the order of reversal.[12] It would, however, be safe practice to move at Special Term for an extension of the defendant’s time to plead until a specified time after the determination of the appeal under the Civil Practice Act section covering extensions of time.[13] ”
Accordingly, the motion is granted. If the Appellate Division should affirm the denial of the motion to dismiss the complaint, the defendant shall serve his answer within 20 days from the date of service of a copy of the order of affirmance, with notice of entry thereon.

. “Old Colony Trust Co. v. Columbia Trust Co. 210 AD 705.”

.“CPA § 98.”