## 394. TAYLOR *et al. v.* FOLDS.

1. The act of August 17, 1903 (Acts 1903, p. 92), regulating sales of stocks of goods in bulk, being in derogation of the common law, is to be strictly construed. A sale by one partner of his interest in a mercantile business to his associates is not within the purview of the act.
2. The evidence demanded a verdict finding the property not subject.

Certiorari, from Fulton superior court—Judge Pendleton. January 28, 1907.

Argued June 20,—Decided August 15, 1907.

*Frank M. Hughes, Morris Macks,* for plaintiffs in error.

*W. C. Munday,* contra.

Powell, J. The defendant in error, Folds, sued out an attachment against Max Ney, setting out that he was doing business under the name of Central Bakery, and obtained judgment thereon. This attachment was levied upon a delivery wagon as the property of defendant. Charles Taylor and Rosa Moskowitz filed a claim to the property. It appeared from the testimony that the debt for which the attachment issued was due Folds for repairs made by him upon the wagon. There was no evidence

that Ney had title to or possession of the wagon at the date of the levy or subsequently thereto. Folds did not know, at the time he did the work or at the time he sued out the attachment, that any one except Ney had any interest in the Central Bakery. The wagon was brought to his shop by a son of Rosa Moskowitz; and this young man told him that Ney would pay for the work. Folds also testified that young Moskowitz afterwards came and got the wagon, and made the statement that his father, A. Moskowitz, had bought out Ney and would pay the bill. To this testimony the claimant objected, but the court overruled the objection. Folds afterwards presented the bill to A. Moskowitz, who declined to pay it. The testimony of the claimant showed that the Central Bakery was a partnership formerly composed of Ney, Taylor, and Rosa Moskowitz. Prior to the levy Ney had sold to his other partners his interest in the business, and also this wagon. At the time of the levy Taylor and Mrs. Moskowitz owned the wagon, and Ney had no interest in it. No notice of the retirement of Ney from the partnership was given. The property was found subject. The claimants obtained a writ of certiorari; but at the hearing the same was overruled and the claimants bring error. It is the contention of the defendant in error that the sale from Ney to his other partners was void, because violative of the act of 1903 relating to sales of goods in bulk.

1. While at least one State (See Black v. Schwartz, 27 Utah, 387, 76 Pac. 22, 101 Am. St. R. 971, 65 L. R. A. 308) has declared that a law similar in terms to our act of August 17, 1903 (Acts 1903, p. 92), regulating sales of goods in bulk, is unconstitutional and beyond the police powers of the State, the better opinion seems to be that such laws are valid. McDaniels v. Connally Shoe Co., 30 Wash. 549, 60 L. R. A. 947, 94 Am. St. R. 889, 71 Pac. 37; Carstarphen Warehouse Co. v. Fried, 124 Ga. 544, 52 S. E. 598; Parham v. Potts-Thompson Liquor Co., 127 Ga. 303, 56 S. E. 460; Sampson v. Brandon Grocery Co., 127 Ga. 454, 56 S. E. 488. Yet since this statute is in derogation of the common law and tends to restrain the liberty of contract, it is to be strictly construed. A sale by one partner of his interest in a mercantile business to his other partners is not within the letter of the act; and the courts will not by construction give the act such an extension as to include it:

2. The sale from Ney to his partners not being void by reason of the act of 1903, it follows that the property was not subject. The title to the property was not adjudicated, as against the claimants, by the judgment upon the attachment. *Rogers* v. *Bates,* 19 *Ga.* 545. The attachment was not against the Central Bakery as a partnership, but against Ney alone; and therefore the cases of *Gazan* v. *Royce,* 78 *Ga.* 512, 3 S. E. 753, and *DeLeon* v. *Heller,* 77 *Ga.* 740, holding that an attachment against a partnership which does not specify the names of the partners is not void, is not applicable. Folds's lien arose only upon the levy of the attachment; the title of the claimants arose prior to that time, and was therefore superior. It is possible that by a direct action Folds might have sued Taylor and Mrs. Moskowitz and have obtained judgment against them by reason of their connection with the partnership for which he did the work on the wagon; but that issue was not and could not have been on trial in the claim case; the quasi-equitable character of a claim case is not so broad as to permit the introduction of a collateral issue of this nature; especially is this true in the absence of equitable pleadings. *Howard* v. *Porter,* 99 *Ga.* 649, 27 S. E. 725. The fact that no notice was given by Ney of his retirement from the partnership may have caused him to remain liable for debts contracted by his partners in the partnership name, but did not have the effect of making the property of his partners subject to attachment and judgment against him individually. The statement of the son of Mrs. Moskowitz, made to Folds, that his father would pay the debt contracted by Ney, was clearly objectionable. *Judgment reversed.*