FAIRFIELD SHOE COMPANY ET AL. *v.* OLDS, ASSIGNEE, ET AL.

[No. 21,998. Filed November 28, 1911.]

1. SALES.—*Merchandise in Bulk.*—*Statutes.*—*Construction.*—The "bulk-sale" act of 1909 (Acts 1909, p., 122), prohibiting the sale in bulk of a stock of merchandise or fixtures, except under certain conditions as to notice to creditors, is in derogation of the common law, and must be strictly construed. p. 529.

2. SALES.—*Merchandise in Bulk.*—*By Partner to Partner.*—*Statutes.*—Section one of the act of 1909 (Acts 1909, p. 122), providing that "the sale * * * in bulk of any part or the whole of a stock of merchandise," shall be void except when made under certain restrictions as to notice to creditors, does not prohibit one partner's sale of his interest in a stock of goods to another partner; and section two of such act, providing that "sellers * * * shall include * * * copartnerships," does not make such sale illegal, there being no sale "in bulk" by a copartnership. p. 530.

3. EXEMPTIONS.—*Voluntary Assignments.*—*Sales.*—*Merchandise in Bulk.*—*Partnership.*—A partner who is a resident householder of the State and who purchases his copartner's interest in a stock of merchandise without complying with the terms of section one of the act of 1909 (Acts 1909, p. 122), providing that all sales of merchandise in bulk shall be void except under certain conditions, is entitled to an exemption of property of the value of $600 by virtue of the exemption statute (§745 Burns 1908, §703 R. S. 1881) and the voluntary assignment statute (§3314 Burns 1908, §2670 R. S. 1881). p. 530.

4. APPEAL.—*Theory of Case.—Exemptions.—Manner of Claiming.*— Where a complaint was filed to prevent the defendant assignee for the benefit of creditors from setting off to his assignor a householder's exemption, the theory being that such assignor had illegally taken over his copartner's interest in the stock of goods in question, in violation of the statutes prohibiting the sale of merchandise in bulk except under certain conditions, the plaintiff may not, on appeal, contend that such assignee had failed to make a proper claim for such exemption. p. 530.
5. CONSTITUTIONAL LAW.—*Avoidance of Decision on.*—Where unnecessary to a decision of the case, constitutional questions will not be decided. p. 531.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Suit by the Fairfield Shoe Company and others against Ebenezer C. Olds, as assignee for the benefit of creditors of Harry J. Smith. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Cline, Branyan & Cline, George M. Eberhart* and *W. C. Ryan,* for appellants.

*C. W. Watkins* and *Charles A. Butler,* for appellee.

MONKS, J.—This proceeding was brought by appellants, creditors of Harry J. Smith, to prevent his assignee, Ebenezer C. Olds, from setting off to said Smith—who was when said assignment was made and when this proceeding was brought a resident householder of the State of Indiana —personal property of the value of $600, under the provisions of §§745, 3314 Burns 1908, §§703, 2670 R. S. 1881.

A trial of said proceeding resulted in a special finding, with conclusions of law, and judgment thereon against appellants. The only error assigned calls in question the conclusions of law.

The special findings necessary to the determination of this case are, substantially, as follows: For some time prior to October, 1910, Harry J. Smith and Joseph LeGross as copartners, conducted a store for the sale of boots, shoes and other merchandise in Roanoke, Huntington county, Indiana. They shared the profits equally. LeGross invested

$300 in the business, and on or about October 1, 1910, he sold his interest in said business, consisting of fixtures and a stock of goods in bulk, to said Smith for $150 cash, which sum was paid by Smith to LeGross at the time said sale was made, and Smith took possession thereof. Some time before said sale, said Smith had invested about $1,800 in said business, but during the summer of 1910 the firm of Smith & LeGross owed considerable money to various creditors, including the creditors who brought this proceeding. Smith kept the books, did the corresponding, and knew the names of the creditors, but LeGross did not know them. A few days after said sale Smith notified all the creditors, or their attorneys, either personally or by mail, that he had purchased the interest of LeGross. This was the only notice given to said creditors, and he did not otherwise comply with the provisions of §1 of the act of 1909 (Acts 1909 p. 122), known as the "bulk-sales" law. Said Smith is a *bona fide* resident householder of Huntington county, Indiana, and has others dependent upon him for a livelihood. On October 11, 1910, said Smith made a general assignment of his goods and effects, including the interest therein purchased from said LeGross, to E. C. Olds, for the benefit of his creditors, and claimed his exemption of $600. Said Olds thereafter converted said goods into money. At the time of the assignment said Smith was the actual owner of said effects so assigned, and there was no fraud either in said sale by LeGross to Smith, or in the assignment by Smith to said Olds.

The court stated as conclusions, that upon the facts found the law was with said Smith, that said transaction is not governed by the act of 1909, *supra*, that the sale was and is valid, that he is entitled to an exemption of $600 out of the funds realized from the sale by the assignee, and the assignee is directed to pay said amount to him.

Appellants claim that on account of the failure of LeGross

and Smith to give notice to all their creditors of the sale by LeGross of his interest in the partnership property, as required by said act of 1909, the sale was void, and the purchaser—Smith—became a receiver of the partnership property for the benefit of the creditors, and that when Smith made an assignment for the benefit of creditors, the stock was still partnership property out of which neither partner was entitled to an exemption of $600. *Love* v. *Blair* (1880), 72 Ind. 281; *Smith* v. *Harris* (1881), 76 Ind. 104; *State, ex rel.*, v. *Emmons* (1885); 99 Ind. 452.

Appellees insist that the act of 1909, *supra,* is in violation of the Constitution of this State (*Wright* v. *Hart* [1905], 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. [N. S.] 338; *Charles J. Off & Co.* v. *Morehead* [1908], 235 Ill. 40, 85 N. E. 264, 20 L. R. A. [N. S.] 167, 126 Am. St. 184; *Block* v. *Schwartz* [1904], 27 Utah 387, 76 Pac. 22, 65 L. R. A. 308, 101 Am. St. 971) ; that even if it be held constitutional, it is in derogation of the common law, and is to be strictly construed; and that when so construed it does not apply to a sale by one partner to another of his interest in the partnership property.

The act of 1909, *supra,* is in derogation of the common law, and must be strictly construed. *Cooney, Eckstein & Co.* v. *Sweat* (1909), 133 Ga. 511, 512, 66 S. E. 257, 25 L. R. A. (N. S.) 758, and cases cited; *Taylor* v. *Folds* (1907), 2 Ga. App. 453, 58 S. E. 683; 9 Current Law 1511.

Said act provides that "the sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller, transferor, or assignor, shall be void as against the creditors of the seller, transferor, assignor, unless," etc. It is clear that a sale by a partner of his interest in "a stock

of merchandise or merchandise and fixtures" is not a sale in bulk of any part or the whole of such stock.

It is evident from the part of said act set out, that a sale by one partner to the other partner of his interest in a stock of merchandise, and the fixtures pertaining to the conducting of said business, is not within the letter of the law; and the courts will not, by construction, extend it so as to include such sales. *Taylor* v. *Folds, supra.*

It is true that §2 of said act provides that "sellers * * * and assignors * * * shall include * * * copartnerships," but there was no "sale in bulk" bv a copartnership or to a copartnership.

The sale by LeGross to his partner not being void by reason of said act of 1909, it follows that said goods and fixtures, assigned by Smith for the benefit of creditors, were not partnership property, but were the property of said Smith, and he, being a resident householder, was entitled to an exemption under §§745, 3314, *supra*. *Goudy* v. *Werbe* (1889), 117 Ind. 154, 3 L. R. A. 114; 12 Am. and Eng. Ency. Law (2d ed.) 157.

Appellants insist that even if said act does not apply, appellee Smith is not entitled to an exemption, for the reason that he has not made his claim therefor, as required by §3314, *supra*. This proceeding was brought by appellants, and was tried on the theory that the "bulk-sales" act applied, and that said LeGross and Smith, not having complied therewith by giving notice to their creditors in the manner required thereby, the sale by LeGross to Smith was void, and said property continued to be partnership property and was so held by said Smith as receiver under said act, out of which no exemption could be taken by either partner.

No question was made in the court below as to the right of said Smith to an exemption if said law was unconstitutional, or if it did not apply to said sale by LeGross to

Smith. This being the theory of the court below, it cannot be changed on appeal. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 645, and cases cited; *Crabb* v. *Orth* (1892), 133 Ind. 11, 12.

As said act did not apply to the sale by LeGross to Smith, nor to the assignment made by said Smith for the benefit of his creditors, it is not necessary to determine whether said act is constitutional. *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, 170, and cases cited.

Having considered all the questions presented, and finding no error, the judgment is affirmed.