4647. VIRGINIA-CAROLINA CHEMICAL COMPANY *v.* BOUCHELLE.

1. The act approved August 17, 1903 (Civil Code, § 3226 et seq.), known as the "sales in bulk act," is applicable to a stock of meat and other merchandise such as is usually sold in a market.

2. Where the owner of a stock of goods sells a half interest therein to another, and a short time thereafter sells to his partner the other half interest in the business, the sale is void as to the creditors of the · vendor, unless the provisions of the "sales in bulk act" have been complied with.

DECIDED MAY 6, 1913.

Levy and claim; from city court of Thomasville—Judge W. H. Hammond. December 19, 1912.

*Branch & Snow, Snodgrass & McIntyre,* for plaintiff.

*T. N. Hopkins, R. S. Burch,* contra.

POTTLE, J. The only question in this case is whether or not the sale was void as against a creditor of the vendor under the act of August 17, 1903 (Civil Code, §§ 3226 et seq.), regulating sales of stocks of goods in bulk. That act is applicable to sales of "any stock of goods, wares or merchandise in bulk." It appears, from the evidence, that the debtor owned a stock of meat and other merchandise such as is usually sold in beef markets. On April 19, 1912, he sold out a half interest in his business to the claimant; and on June 16, 1912, the claimant bought the other half interest, and thus became the sole owner of the stock of goods, including all the fixtures. It can not admit of serious doubt that the property was a stock of goods, wares, and merchandise in bulk, within the meaning of the act of 1903. The decision in *Cooney* v. *Sweat,* 133 *Ga.* 511 (66 S. E. 257, 25 L. R. A. (N. S.) 758), rules nothing to the contrary. In that case it was held simply that the act of 1903 has no application to a sale of all the lumber manufactured by one who operates a sawmill at which trees are manufactured into lumber. It has several times been held that the act of 1903, being in derogation of the common law, should be strictly construed. *Cooney* v. *Sweat,* supra; *Stovall Co.* v. *Shepherd Co.,* 10 *Ga. App.* 498 (73 S. E. 761). It is insisted that under a strict construction of the act it should not be made to apply to a sale by one partner to his associate of his interest in a mercantile business. This was held in *Taylor* v. *Folds,* 2 *Ga. App.* 453 (58 S. E. 683), a decision relied on by the defendant in error. We are unwilling, however, to extend the principle of that decision so far as to include a case like the present; for to do so would practically nullify the sales in bulk act and defeat the very purpose which the General Assembly had in mind, namely, to protect persons who had extended credit to a merchant on the faith of apparent prosperity indicated by a stock of goods which would be sold out gradually and replenished from time to time.

If the debtor and the claimant had been partners in the business at the time the credit was extended to Cook, a subsequent sale by Cook to the claimant of his interest in the business would have been valid, under the decision in *Taylor* v. *Folds,* supra. But Cook and the claimant were not partners when the credit was extended

to Cook. After the extension of credit, Cook. sold out a half interest in the business to the claimant, and then, within less than three months, sold out the other half interest to his partner. If a transaction of this kind could be· sustained, it would be quite an easy matter in any case to defeat the act of 1903 by selling out on one day a half interest in a business and then selling the other half on the day following. No such construction of the act of 1903 is permissible, and the decision in *Taylor* v. *Folds,* does not so hold.                                      *Judgment reversed.*