### YANCEY *et al.* v. LAMAR-RANKIN DRUG COMPANY.

FISH, C. J. 1. Under the "sale-in-bulk" act (Civil Code, § 3226), the following transactions are declared to be fraudulent and void as against creditors of the vendor, when the provisions of the act are not complied with: (1) Every sale or transfer of a stock of goods, wares, or merchandise in bulk, (2) or of substantially the entire business theretofore conducted by the vendor of such a stock, (3) or every sale or transfer of such a stock out of the usual or ordinary course of business or trade of the vendor.

2. The act is in derogation of the common law, and of the right to alienate property without restriction; and is therefore to be strictly construed. *Cooney* v. *Sweat,* 133 *Ga.* 511 (66 S. E. 257, 25 L. R. A. (N. S.) 758).

3. So construed, the provisions of the act did not apply to a transaction whereby a copartnership composed of two persons engaged in a grocery business sold a two-thirds interest in their stock of goods to two other persons; whereupon one of the original partners retired from the firm, and the same business was thereafter conducted in the name of a new firm, composed of the remaining original partner and the two purchasers. Such transaction did not fall within either of the classes set forth in the first headnote. While it may have been out of the usual and ordinary course of business or trade, it was not a sale or transfer of a stock of goods, wares, or merchandise. See *Stovall Co.* v. *Shepherd Co.,* 10 *Ga. App.* 498 (73 S. E. 761) ; Fairfield Shoe Co. *v.* Olds, 176 Ind. 526 (96

N. E. 592), holding that the provisions of the "sale-in-bulk" law do not apply to a sale by a partner of his interest in a stock of merchandise to his copartner.

4. In view of the rulings above stated, the court erred in holding that the transaction set out in the third headnote came within the purview of the "sale-in-bulk" act, and in directing a verdict for the plaintiff in fi. fi. on the trial of the issue formed by a traverse of the answer of the garnishees—the purchasers of the two-thirds interest in the partnership.

*Judgment reversed. All the Justices concur.*

JULY 19, 1913.

Garnishment. Before Judge Brand. Gwinnett superior court. January 30, 1912.

*O. A. Nix* and *I. L. Oakes,* for plaintiffs in error.
*N. L. Hutchins,* contra.