Howell v. Howell.

## C. A. HOWELL *v.* H. F. HOWELL *et al.*

## (*Knoxville.* September Term, 1919.)

1. **FRAUDULENT CONVEYANCES.** Right of seller violating Bulk Sales Act against buyer's vendee.

One violating the Bulk Sales Act cannot recover from one who purchased the property from his buyer without complying with such act, by reason of having been required to pay debts owing by the business which the first purchaser assumed but did not pay. (*Post, pp.* 31-33.)

Case cited and distinguished:  Cantrell v. Ring, 125 Tenn., 472.

2. **PARTNERSHIP.** Right of individual creditors.

Partnership creditors have to be paid before individual creditors of the partners can reach the partnership property.  (*Post, pp.* 33-36.)

3. **PARTNERSHIP.** Enforcement of rights of individual creditors.

In order for individual creditors of partners to subject partnership property to payment of their claims, they must proceed in equity. (*Post, pp.* 33-36.)

4. **FRAUDULENT CONVEYANCES.**  Sale by partner in violation of Bulk Sales Law.

A sale by one partner to another of his half interest in a stock of merchandise is a sale otherwise than in the ordinary course of trade and is fraudulent and void, unless the Bulk Sales Law is complied with.  (*Post, pp.* 33-36.)

Acts cited and construed:  Acts 1901, ch. 133.

*For authorities passing on the question of remedy of creditors where sale is made in violation of bulk sales law, see notes in 39 L. R. A. (N. S.), 374, and L. R. A., 1916B, 974.

On validity and construction, in general of bulk sales statute, generally, see note in 2 L. R. A. (N. S.), 331.

Howell v. Howell.

Cases cited and approved:   Taylor v. Folds, 2 Ga. App., 453;  Fair field Shoe Co. v. Olds, 176 Ind., 526;  Yancey v. Lamar-Rankin Drug Co., 140 Ga., 359.

Cases cited and distinguished:   Thomas E. Daly v. Sumpter Drug Co., 127 Tenn., 412;  Hannah v. Richter Brewing Co., 149 Mich., 220.

FROM McMINN.

Appeal from the Chancery Court of McMinn County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Foss H. Mercer, Chancellor.

D. Sullins Stuart, for appellant.

Clem J. Jones and R. A. Davis, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

C. A. Howell and H. F. Howell, the latter being a first cousin of the former, were partners engaged in the mercantile business under the firm style of C. A. Howell & Co.   C. A. Howell was the moneyed member of the firm.

In February, 1916, C. A. Howell sold his interest in the business to H. F. Howell without complying with the Bulk Sales Statute (Laws 1901, chapter 133); H. F. Howell assuming the payment of the firm's debts.   The business was still conducted under the firm name, which H. F. Howell requested C. A. Howell to permit until he could pay the partnership debts.

In August, following, H. F. Howell sold said stock of goods to defendant R. N. Cagle, which sale was made without complying with said Bulk Sales Statute. In a few weeks thereafter R. N. Cagle sold to one Presswood, who has either sold the goods or mingled them with other goods so that they cannot be identified.

H. F. Howell did not pay the debts of C. A. Howell & Co. as he agreed to do, and C. A. Howell had to pay them to the extent of $400, and has instituted this suit to recover said amount from the defendant R. N. Cagle, alleging that the sale from H. F. Howell to R. N. Cagle was fraudulent and void because the Bulk Sales Statute was not complied with.

Pending the suit H. F. Howell died, and no judgment is sought against his estate.

The Chancellor rendered a decree in favor of the complainant in accordance with his contention, which decree was affirmed by the court of civil appeals.

If the sale from the complainant to H. F. Howell came within the statute, then the complainant cannot recover under the holding of this court in *Cantrell v. Ring*, 125 Tenn., 472, 145 S. W., 166, in which case this court said:

"It is well-settled law that an action will not lie to enforce a contract made in violation of a statute, or of the common law, or which is immoral in its character, or contrary to public policy."

If the statute applies, the complainant is guilty of the same offense with which he charges the defendant Cagle, and will therefore be repelled.

The question therefore is: Was the sale by C. A. Howell to H. F. Howell in violation of the Bulk Sales Statute?

The first section of said statute (Acts of 1901, chapter 133) declares that: "A sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, . . . shall be presumed to be fraudulent and void as against the creditors of the seller," unless the prescribed inventory shall be made and the prescribed notices given.

In *Thomas E. Daly* v. *Sumpter Drug Co.,* 127 Tenn., 412, 155 S. W., 167, this court held that the sale of a half interest in a stock of goods by a merchant for the purpose of taking the purchaser into partnership with himself is within the purpose and reason of the statute. Speaking to this point the court said:

"We are of the opinion that the case before us falls within the terms of the act. The language of the act is, 'A sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or a sale of an entire stock of merchandise in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller, unless,' etc. A half interest is a portion of the stock. We do not think the act means that it must be a distinct portion or part severed from the whole stock. The sale of a half interest by a merchant for the purpose of taking the vendee into partnership is within the purpose and reason of the act, since it very materially changes the relation of the vendor's creditors to the stock,

if such sale be valid. Before the sale a creditor could levy upon the whole stock. After the sale, if valid, the creditor of such vendor could not levy upon any of the stock, but only upon the vendor's interest in the whole, and in order to obtain this he would have to file a bill in equity and have an accounting with the new partner. So the former owner of the stock might admit three new persons into the business, and so reduce his own holding to a one-fourth interest, and so on as to smaller fractions—at the same time putting the proceeds into his own pocket and holding them beyond the reach of his creditors.''

The same principle applies here. If you treat the sale as valid, the stock of goods would be subject to levy by the individual creditors of H. F. Howell, as well as by the creditors of the partnership; whereas, before the sale partnership creditors had to be paid before any individual creditors could reach the stock, and even then such relief by individual creditors could be had only by a bill in equity. Other reasons could be given in support of this position, but it is unnecessary, as the language of the act is plain and unambiguous, and the complainant sold a half interest in a stock of merchandise otherwise than in the ordinary course of trade, which the act says renders the same fraudulent and void.

In Ruling Case Law, par. 55, it is said: ''The statutory test is whether the sale was made in the usual way in which a merchant owing debts conducts his business, or whether he takes an unusual method of disposing of his property in order to get the money for his own use, and leave his creditors unpaid.''

In *Hannah* v. *Richter Brewing Co.*, 149 Mich., 220, 112 N. W., 713, 12 L. R. A. (N. S.), 178, 119 Am. St. Rep., 674, 12 Ann. Cas. 344, the court said: "The terms, 'sale, transfer or assignment,' used in" such acts, "taken in their usual and ordinary signification, mean the disposition of the entire title of the seller."

In the case we are considering the seller disposed of his entire interest in the stock of goods.

Counsel for the complainant rely upon *Taylor* v. *Folds*, 2 Ga. App. 453; 58 S. E., 633, and *Fairfield Shoe Co.* v. *Olds*, 176 Ind., 526, 96 N. E., 592, in support of their position that a sale by one partner of his interest to his co-partner does not come within the statute.

We have not had access to the former case; but, no doubt it does sustain the complainant's contention, for the reason that the supreme court of Georgia, in *Yancey* v. *Lamar-Rankin Drug Co.*, 140 Ga., 359, 78 S. E., 1078, held that a sale of an interest in a stock of goods by a merchant for the purpose of taking such purchaser into partnership did not fall within the statute, which is in direct conflict with our holding in *Thomas E. Daly* v. *Sumpter Drug Co., supra.* The Georgia statute, however, is worded differently from ours. The Indiana case bases its holding solely upon the Georgia case.

Other questions are raised by the assignments of error which it will not be necessary for us to pass upon in view of the fact that we have reached the conclusion that, for the reasons stated above, the complainant cannot get along in this suit.

It results that the decree of the court of civil appeals and of the Chancellor will be reversed, and the suit of the complainant will be dismissed, and he will be taxed with the costs accrued in the several courts.