VALERIA HAAS, as Administratrix of MINA HAAS, Deceased, Plaintiff, *v.* NEW YORK POST GRADUATE MEDICAL SCHOOL AND HOSPITAL, Defendant.

Supreme Court, New York County, February 9, 1928.

**Executors and administrators — limitation of actions — action for death of plaintiff's intestate — accident occurred in 1922 and intestate commenced action in same year — pending action and in 1927 intestate died — present action was commenced within time under Decedent Estate Law, § 130 — not necessary for plaintiff to allege facts showing action was commenced in time.**

This action to recover for the death of plaintiff's intestate who died in May, 1927, as a result of injuries suffered in July, 1922, was commenced in time, under section 130 of the Decedent Estate Law, since it appears by the affidavits on the motion to dismiss, under rule 107 of the Rules of Civil Practice, that the intestate instituted an action in December, 1922, to recover for injuries suffered in the same year and that that action was pending when intestate died in 1927.

Even if the present motion was made under rule 106 of the Rules of Civil Practice so that affidavits could not be considered, the complaint is sufficient although it does not allege when the action brought by the intestate was actually commenced. If that action was not commenced within the time limited that fact constituted an affirmative defense to be pleaded by the defendant.

MOTION by the defendant to dismiss the complaint under rule 107 of the Rules of Civil Practice.

*William A. Hyman,* for the plaintiff.

*Nadal, Jones & Mowton* [*Edwin A. Jones* of counsel], for the defendant.

LEVY, J. This motion to dismiss the complaint (1) for insufficiency, and (2) because the cause of action did not accrue within the time limited by law for its commencement, is apparently brought under rule 107 of the Rules of Civil Practice. This pleading alleges that plaintiff's intestate on July 2, *1922,* suffered an accident as a result of defendant's negligence; that the injuries suffered were the proximate and direct cause of her death on May 25, *1927;* and that prior to her death she had brought an action against the very defendant to recover for the injuries sustained, which was pending at the time of her death. It appears from the answering affidavit of plaintiff's attorney that the action thus brought by the deceased was commenced in December, *1922,* within a year after the occurrence of the accident.

The cause alleged in the complaint is predicated upon the provisions of section 130 of the Decedent Estate Law (added by Laws of 1920, chap. 919), which confers upon the representative of a decedent the right of action for negligence causing the latter's

death, but provides that it "must be commenced within two years after the decedent's death." Our Court of Appeals has held that where the decedent during his lifetime had allowed the Statute of Limitations to expire before instituting an action for the injuries incurred, no suit could be maintained under the Decedent Estate Law even though it be commenced within two years after the death. (*Kelliher* v. *New York Central & H. R. R. R. Co.*, 212 N. Y. 207.) The court there evidently based its decision upon the fact that section 130 permitted the maintenance of the action only against one who "would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." Obviously, this language was intended to grant a right to sue under the section within two years after the death, only if the defendant would have been liable to the decedent at the time of death.

The defendant here contends that in no event can such an action be brought after the expiration of five years from the date of the accident. It argues that the action must be brought within two years after the death, and that even then it can only be maintained if the three-year Statute of Limitations has not already run at such time. Where the decedent had failed to commence an action during the three years next ensuing after the injuries were sustained and thereafter died, the defendant's contention would undoubtedly be correct. But here, the deceased had commenced an action the very same year that the accident occurred, and this suit was pending undetermined at the time of her death. Defendant interprets the language "would have been liable to an action in favor of the decedent," as meaning, "would have been liable to *the commencement of* an action in favor of the decedent." It seems to me that it is equally susceptible of the construction, "would have been liable to *judgment in* an action in favor of the decedent." If defendant's view be adopted, the representative of a decedent who died one day short of three years after the accident without commencing suit for the injuries suffered, would be entitled to maintain an action during the following two years, while the representative of one who had instituted suit the very day of the accident would be barred from recovery if the decedent died three years and a day thereafter. In the former situation, an action could be brought within five years after the accident, while in the latter it would be barred three years after the accident, though greater vigilance and diligence had been exercised.

In *Littlewood* v. *Mayor* (89 N. Y. 24) Judge Rapallo, writing for the Court of Appeals, said (at p. 28): " It seems to me very evident that the only defense of which the wrongdoer was intended

to be deprived, was that afforded him by the death of the party injured, and that it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable." It must be obvious that the purpose of the act — to deprive the wrongdoer of the defense afforded him by the death of the injured party — cannot be accomplished in the instant situation if the action commenced by the decedent the very year of the accident is held to have abated as a result of the latter's subsequent death, and at the same time the independent cause of action conferred by section 130 of the Decedent Estate Law is regarded as barred because the decedent died more than three years after the accident. In the absence of direct authority on the subject, I am of opinion that the language of this section, upon which defendant relies, was intended merely to exclude causes where the decedent had allowed the Statute of Limitations to expire prior to death *without commencing an action,* and not to bar also those causes where an action had promptly been brought and was pending undetermined at the time of decedent's death, merely because the death took place more than three years after the accident. The words " liable to an action," as it appears to me, may well be construed as meaning, liable to *judgment in* the given action.

I have thus far discussed the situation disclosed by the affidavits as well as the complaint. A somewhat different problem is, however, presented by the claim that the motion is made under rule 106 of the Rules of Civil Practice, which does not permit the consideration of affidavits. The complaint itself does not state when the action brought by the deceased was actually commenced. Defendant argues that the cause of action asserted by plaintiff is purely statutory, and that, therefore, the complaint must affirmatively show that the defendant would have been liable to an action in favor of the decedent if death had not ensued, as required by the statute. In the light of the construction here adopted, it seems to me that plaintiff in an action brought under the section in question, need only allege facts establishing a *prima facie* cause in favor of the decedent, and that it is for the defendant to affirmatively show that the decedent's action was commenced after the Statute of Limitations had expired. Indeed, this defense is an affirmative one, which may be waived, a circumstance tending to strengthen the conclusion reached. The situation is unlike that presented in various authorities cited by defendant, where the statute which gave the remedy also incorporated within it as an integral part an express limitation of time within which the particular remedy might be invoked.

The complaint, in my opinion, states a sufficient cause of action, even apart from the affidavits. The motion is, therefore, denied.