### WATKINS *v.* ANGUS.

1. FRAUDULENT CONVEYANCES—SALE OF BUSINESS WITHOUT COMPLIANCE WITH BULK SALES LAW VOID AS TO SELLER'S CREDITORS.

    Where a retail coal dealer sold a half interest in his business to another, who became his partner, and later sold his half of the business to his partner without compliance being had with the bulk sales law (2 Comp. Laws 1915, § 6346 *et seq.*) in either sale, they were void as to creditors of the seller, and the purchaser became accountable to such creditors to the value of the interest in the merchandise so purchased.

2. GARNISHMENT—PURCHASER OF BUSINESS WITHOUT COMPLIANCE WITH BULK SALES LAW LIABLE TO SELLER'S CREDITORS IN GARNISHMENT PROCEEDINGS.

    The purchaser of a business sold to him without compliance being had with the bulk sales law (2 Comp. Laws 1915, § 6346 *et seq.*) may be held in garnishment proceedings by the seller's creditors to the value of the merchandise so received by him, although he has paid his vendor in full and has even disposed of the merchandise so received.

[1]Fraudulent Conveyances, 27 C. J. § 890; [2]Id., 27 C. J. § 899; 51 A. L. R. 403; L. R. A. 1917D, 623; 12 R. C. L. 526; 3 R. C. L. Supp. 1444; 5 R. C. L. Supp. 649.

3. STATUTES—BULK SALES LAW CONSIDERED REMEDIAL AND TO BE
    SO CONSTRUED AS TO EFFECTUATE ITS PURPOSE.

> The bulk sales law (2 Comp. Laws 1915, § 6346 *et seq.*)
> is considered as remedial in its nature, and is therefore
> to be given such construction as will effectuate its clear
> purpose.

Case-made from Muskegon; Vanderwerp (John), J.
Submitted January 11, 1928.    (Docket No. 17.)    Decided February 14, 1928.

Garnishment proceedings by Raymond H. Watkins
against Gaylord B. Angus, principal, and John W.
Noor, garnishee defendant, for the value of goods transferred in violation of the bulk sales law.    Judgment
for plaintiff.    Defendant Noor appeals.    Affirmed.

*Alexis J. Rogoski,* for appellant.

*Harry D. Reber,* for appellee.

WIEST, J.    The question: If a debtor, without compliance with the bulk sales law, sells a half interest
in his business to another who becomes his partner,
and later, and again without compliance with the bulk
sales law, sells out to his partner, may his creditors
hold the purchaser in garnishment proceedings for the
value of the merchandise received?

The answer: Yes.

The facts: Gaylord B. Angus conducted a retail coal
business.    In March, 1924, he was indebted to plaintiff, had about $500 worth of coal on hand, sold a half
interest in the business and merchandise to defendant
John W. Noor, and the seller and purchaser became
equal partners and continued the business.    In August,
1925, the partnership had $1,500 worth of coal on
hand and Noor purchased the interest of Angus.    The
provisions of the bulk sales law (2 Comp. Laws 1915,

---

[3]Fraudulent Conveyances, 27 C. J. § 883.

§ 6346 *et seq.*) were not complied with at any time. Plaintiff obtained judgment against Angus in the sum of $1,289.44, and sued out a writ of garnishment against defendant Noor. The garnishee was examined in court and adjudged liable to respond to plaintiff for one-half the value of the coal in stock at the time of each purchase. Noor paid some other creditors of Angus to an amount, he claimed, in excess of the value of the coal, but how much was so paid before the writ was served and how much after service was not shown. The garnishee defendant, by case-made, reviews the judgment rendered against him for $1,000.

Claims of garnishee defendant:

"(1) The transfer by the owner of a stock of merchandise and fixtures of an interest in his business to another is not a sale, transfer or assignment in bulk within the purview of the 'bulk sales law.' (Fixtures are not involved in this case.)

"(2) The disclosure and examination of the garnishee defendant failed to show unqualified liability on the part of the garnishee defendant, and are, therefore, insufficient to support a judgment for plaintiff.

"(3) In no event was plaintiff entitled to recover a judgment for the full value of all merchandise received by the garnishee defendant from the principal defendant."

The law: If defendant Noor is liable by reason of noncompliance with the bulk sales law, then garnishment was proper procedure. *Spurr* v. *Travis*, 145 Mich. 721 (9 Ann. Cas. 250, 116 Am. St. Rep. 330); *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478; *Marquette County Savings Bank* v. *Koivisto*, 162 Mich. 554; *National Grocer Co.* v. *Plotler*, 167 Mich. 626.

The statute (2 Comp. Laws 1915, § 6346) provides:

"The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conduct-

ing of said business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the seller, transferor, or assignor, shall be void as against the creditors of the seller, transferor, assignor," * * *

unless certain specified conditions are observed. In the first sale of a half interest and formation of the partnership there was a transfer in bulk of a part of the stock and merchandise, and such was not in the ordinary course of trade or the regular and usual transaction of the business of the seller, and, having been made in violation of the bulk sales law, was void as to creditors, and the purchaser became accountable to the creditors of the seller to the value of the interest in the merchandise so purchased. See *Virginia-Carolina Chemical Co.* v. *Bouchelle,* 12 Ga. App. 661 (78 S. E. 51), covering such a sale and formation of a partnership.

Authorities are at variance upon the question here presented; the divergence in some instances being attributable to language of particular statutes, in others to the adoption of strict or liberal construction, while in still others there is flat disagreement. We have examined the cases, and, without citing all, will give our views.

Some courts consider the bulk sales law as in derogation of the common law, and, therefore, to be strictly construed (*Smith-Calhoun Rubber Co.* v. *McGhee Rubber Co.* [Tex. Civ. App.], 235 S. W. 321; *Fairfield Shoe Co.* v. *Olds,* 176 Ind. 526 [96 N. E. 592]), but no court departs from the express provisions of the statute. We consider the law remedial and to be given such construction as will effectuate its clear purpose.

In *Daly* v. *Sumpter Drug Co.,* 127 Tenn. 412 (155 S. W. 167, Ann. Cas. 1914B, 1101), it was urged, in behalf of the purchaser:

"That a sale of a half interest in a stock of goods, where the purchaser contemporaneously becomes a partner therein with the seller, does not fall under the 'bulk sales law,' and therefore, he was not bound to comply with the terms of that law, and his purchase was not fraudulent in law."

The court answered:

"We are of the opinion that the case before us falls within the terms of the act.    The language of the act is:

"'A sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or a sale of an entire stock of merchandise in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller, unless,' etc.

"A half interest is a portion of the stock.    We do not think the act means that it must be a distinct portion or a part severed from the whole stock.    The sale of a half interest by a merchant for the purpose of taking the vendee into partnership is within the purpose and reason of the act, since it very materially changes the relation of the vendor's creditors to the stock, if such sale be valid."

It will be noted that the Tennessee statute is similar to the Michigan statute, except in the particular that our statute declares a sale in violation of its conditions to be void.    See, also, *Marlow* v. *Ringer*, 79 W. Va. 568 (91 S. E. 386, L. R. A. 1917D, 619); *Virginia-Carolina Chemical Co.* v. *Bouchelle, supra; Howell* v. *Howell,* 142 Tenn. 31 (215 S. W. 278).

In *Schoeppel* v. *Pfannensteil,* 122 Kan. 630 (253 Pac. 567, 51 A. L. R. 398), it was held, two judges dissenting, that a sale of an undivided half interest in a partnership stock of merchandise by one partner to his fellow partner is not governed by the bulk sales law.    That decision is in line with *Taylor* v. *Folds,* 2 Ga. App. 453 (58 S. E. 683), but, as pointed out by the Georgia court in the later case of *Virginia-Carolina Chemical Co.* v. *Bouchelle, supra,* is not ap-

plicable to the case at bar. To make this plain we quote from the latter case:

"It is insisted that under a strict construction of the act it should not be made to apply to a sale by one partner to his associate of his interest in a mercantile business. This was held in *Taylor* v. *Folds,* 2 Ga. App. 453 (58 S. E. 683), a decision relied on by the defendant in error. We are unwilling, however, to extend the principle of that decision so far as to include a case like the present; for to do so would practically nullify the sales in bulk act and defeat the very purpose which the general assembly had in mind, namely, to protect persons who had extended credit to a merchant on the faith of apparent prosperity indicated by a stock of goods which would be sold out gradually and replenished from time to time.

"If the debtor and the claimant had been partners in the business at the time the credit was extended to Cook, a subsequent sale by Cook to the claimant of his interest in the business would have been valid, under the decision in *Taylor* v. *Folds, supra.* But Cook and the claimant were not partners when the credit was extended to Cook. After the extension of credit, Cook sold out a half interest in the business to the claimant, and then, within less than three months, sold out the other half interest to his partner. If a transaction of this kind could be sustained, it would be quite an easy matter in any case to defeat the act of 1903 by selling out on one day a half interest in a business and then selling the other half on the day following. No such construction of the act of 1903 is permissible, and the decision in *Taylor* v. *Folds* does not so hold."

In *Fairfield Shoe Co.* v. *Olds, supra,* it was held that a sale by one partner to the other partner of his interest in a stock of merchandise was not within the purview of the bulk sales law, citing, among other cases, *Taylor* v. *Folds, supra.*

Defendant Noor held the merchandise he purchased on both occasions for the creditors of Angus and is liable to plaintiff in garnishment although he has paid

his vendor in full, and even if he has disposed of all the merchandise so received.

We think the examination of the garnishee defendant in open court disclosed a liability sufficient to support the judgment rendered.    Upon the record, plaintiff was entitled to recover to the full value of all merchandise received by the garnishee defendant from the principal defendant in violation of the bulk sales law.

The judgment is affirmed, with costs to plaintiff.

North, Fellows, Clark, McDonald, and Sharpe, JJ., concurred.

Chief Justice Flannigan and the late Justice Bird took no part in this decision.