## McLEAN et al. v. MILLER ROBINSON CO.
No. 6377.

District Court, E. D. Pennsylvania.
April 1, 1931.

Middleton, Blakely & Richardson, of Philadelphia, Pa., for petitioner.

Sidney E. Smith, of Philadelphia, Pa., for receivers.

KIRKPATRICK, District Judge.

Herbert P. Robinson, who had for a number of years conducted a lumber business, obtained a Delaware charter, and on January 6, 1931, transferred all the assets of the business to the corporation in exchange for its capital stock. Upon the transfer, the cor-

poration assumed and agreed to pay all existing obligations of Robinson incurred in connection with his business. On January 12th, this court, upon a bill in equity filed by a creditor, appointed receivers for the conservation of the company's assets. Subsequently South Atlantic Company, a judgment creditor of Robinson, filed a petition alleging that the provisions of the Pennsylvania Bulk Sale Act had not been complied with in the transfer by Robinson to the corporation of his business, and asking leave of court to proceed to collect its judgment by execution against the assets so transferred.

The Pennsylvania Act of May 23, 1919, P. L. 262 (69 PS §§ 521–528), known as the Bulk Sale Act provides, first, that "it shall be the duty of every person who shall bargain for or purchase * * * any goods, wares, or merchandise of any kind and fixtures, in bulk, for cash or on credit" (section 1 [69 PS § 521]) to get from the seller a sworn list of the latter's creditors. It then provides that "it shall be the duty of the person who shall bargain for or purchase * * * any stock of goods, wares, or merchandise * * * of any kind and fixtures, in bulk" (section 2 [69 PS § 522]) to give notice of the proposed sale ten days in advance to each of said creditors; and "whenever any person shall bargain for or purchase * * * any stock of * * * goods, wares, or merchandise of any kind and fixtures, in bulk, for cash or on credit" (section 3 [69 PS § 523]), and shall consummate the sale without performing the duties imposed by the first two sections, "then such sale or transfer shall be fraudulent and void, and such purchaser * * * shall, at the suit of any creditor, be held liable to the creditors of the said vendor as a receiver for the fair value of all the property so bought * * * by him." Section 3 (69 PS § 523).

The question here is whether this act applies to a transfer by an individual of all of the assets of his business to a corporation formed by him to carry on the business, in exchange for the issue to him of all of the capital stock of the corporation.

There is no suggestion of actual fraud. The transaction did not reduce the value of the assets available to creditors, but merely changed their form. Instead of the tangible property, the creditors could proceed against the stock which was indisputably of equal value.

Though the ordinary meaning of the word "Purchase" involves the idea of an exchange of property for money, it might be argued that the corporation was a person who purchased a stock of goods, within the meaning of the act, were it not for the fact that, by the insertion of the phrase "for cash or on credit," the legislative intent to confine the operation of the act to purchases, as that word is ordinarily and popularly understood, is plain. This was the view taken of an exactly similar act in Maskell v. Spokane Cycle & Auto Supply Co., 100 Wash. 16, 170 P. 350, L. R. A. 1913C, 929. It accords with the general purpose of the act which was to prevent the sudden and secret conversion of the tangible assets of a going business into cash; a medium easily disposed of and difficult to trace or to reach by process. It also accords with the general rule of statutory interpretation that statutes in derogation of the common law must be construed strictly. See Swift v. Tempelos, 178 N. C. 487, 101 S. E. 8, 7 A. L. R. 1581; Smith v. Boyer, 119 S. C. 176, 112 S. E. 71, 41 A. L. R. 1466; Fairfield Shoe Company v. Olds, 176 Ind. 526, 96 N. E. 592; Cooney v. Sweat, 133 Ga. 511, 66 S. E. 257, 25 L. R. A. (N. S.) 758. The act was not aimed at conveyances in actual fraud of creditors, but is a restriction upon the free right to contract and dispose of property, proper as a reasonable exercise of the police power, because of the exceptional opportunities for fraud afforded by certain unusual and extraordinary transfers. Wilson v. Edwards, 32 Pa. Super. Ct. 295. As such the rule of strict construction applies. It would require a rather broad construction to hold that the corporation was a purchaser at all; but to hold it a purchaser for cash or credit would be straining language beyond all reason.

In view of the conclusion reached, it is unnecessary to consider the other arguments advanced against the petition, and the petition will be dismissed.