234

## SHAPIRO v. WILGUS et al.
### No. 4614.

Circuit Court of Appeals, Third Circuit.
Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

Jacob Weinstein, of Philadelphia, Pa., for appellant.

Sidney E. Smith, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

On January 12, 1931, the court below, on the petition and bill in equity of John N. McLean, a creditor, and of Herbert P. Robinson, owner of its capital stock, both of whom are citizens of Pennsylvania, took jurisdiction and duly appointed receivers of the Miller Robinson Company, a corporate citizen of Delaware. The receivers at once qualified, took possession of all the assets, and are now in possession of the same or their liquidated proceeds.

Herbert P. Robinson, above named, was the owner of a lumber yard and business in Philadelphia. He had very considerable property, and had incurred substantial indebtedness. He was solvent to the extent of a hundred thousand dollars, but creditors threatened suits and the consequent destruction of his business and sacrifice of his assets. To meet this situation, to prevent the sacrifice of his business, to prevent the preference of the threatening creditors, and to conserve the large equity of his creditors and himself in his property, Robinson took the course of an honest man, namely, placing his assets in the hands of a court empowered to thwart preference to one creditor and insure equality to all through a liquidation of his assets gradually. Had he chosen to do so, he could, under the Pennsylvania practice, have made an assignment of all his assets; but it is clear that this would have laid the grounds for, and practically brought on, a petition in bankruptcy. Under the state law, a receiver cannot be appointed for an individual. Hogsett v. Thompson, 258 Pa. 85, 101 A. 941. So, under the advice of honest and able counsel, he followed the only course open to him to effect his honest purpose of preventing a sacrifice of his property, thwarting all efforts of creditors to get preferences, and insuring the continuance and gradual liquidation of his business and an equal distribution among all his creditors. With that in view, he procured the incorporation of the Delaware company, and, in consideration of the issue to him of all its capital stock, transferred to it all his property, but subject to his debts and on its written agreement to pay all of said debts, which, including the debt of the appellant, were specified. With the exception of the two creditors who sought preferences, practically all the creditors were satisfied with the course Robinson took. But two of his creditors, one of whom is the appellant, although their debts were specified and assumed by the corporation, were not content with this equality of creditors, but sought to obtain a preference over their fellows. To this effort, the court below refused to become a party, and, from a decree which insured the equality of all the creditors and the non-preference of this appellant, this appeal was taken.

Passing the motion to quash on the ground the appeal was not taken in due time, we dispose of the case on the merits.

After the court below had jurisdiction and had taken possession of all the property as above stated, the appellant brought suit against Robinson in a state court, recovered a judgment, and then issued an execution. Thereafter he presented a petition to the court below in which he alleged the chartering of the company, the transfer of Robinson's property to it, the filing of the bill, and the appointment of receivers were a fraud; assertions which were denied by answer, and of which unwarranted statements no proof

whatever was made. He prayed leave of the court below to allow him to levy, by his execution, on the property in possession of the court. On hearing, the court rightly dismissed his petition. The statement of the facts is a justification of the court's action, and its order is affirmed. As the action of the court below was embodied in the four word order "The petition is denied," we refer to the opinion of the painstaking judge who in a similar unwarranted application of another creditor. set forth the reasons why such a course would not be sanctioned. McLean v. Miller Robinson Co. (D. C.) 55 F.(2d) 232.