CITIZENS TRUST COMPANY OF BINGHAMTON, Plaintiff, *v.* LEWIS B. MERSELIS and Another, Defendants.

Supreme Court, Broome County, August 3, 1933.

*Charles R. Stewart,* for the defendants, for the motion.

*Lee, Levene & McAvoy* [*David Levene* of counsel], for plaintiff, opposed.

McNAUGHT, J. In the determination of the motion made by each defendant under rule 106 of the Rules of Civil Practice, we are restricted to a consideration of the complaint only. Affidavits are not available to either party. (*Welch* v. *City of Niagara Falls,* 210 App. Div. 170; *King* v. *Krischer Manufacturing Co., Inc.,* 220 id. 584; *Toner* v. *Ehrgott,* 226 id. 244; *Haas* v. *N. Y. Post Graduate Medical School & Hospital,* 131 Misc. 395.)

Pleadings must be liberally construed with a view to justice between the parties. (Civ. Prac. Act, § 275.) The facts alleged in

the complaint are deemed to be true and admitted, but the conclusions averred or inferences drawn by the pleader are not deemed admitted. (*Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19, 29; *Wenk* v. *City of New York*, 171 id. 607; *Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83.)

Restricting our consideration to the complaint we find it alleged that the plaintiff is a banking corporation; that it is in process of liquidation and in possession of the State Superintendent of Banks; that at all the times mentioned in the complaint it was and still is a creditor of the defendant Merselis, who was indebted to it upon certain promissory notes which have now been reduced to judgment; that the judgment is wholly unsatisfied and was entered on or about January 5, 1932; that prior to January 1, 1931, the defendant Merselis was engaged in business " together with his co-partner, the defendant Fred E. Bennett, under the assumed name and style of Merselis & Bennett;" that on January 1, 1931, the defendant Merselis sold and transferred to the defendant Bennett " the said business, together with the goods, wares and merchandise and fixtures thereof, in bulk; that said transfer and sale were not made in the ordinary course of trade or in the regular prosecution of business and is fraudulent and void as against plaintiff and other existing creditors of the defendant, Lewis B. Merselis;" that the defendant Bennett did not give five days' prior notice of said purchase and sale, as prescribed by section 44 of the Personal Property Law; that he is therefore accountable and responsible to the plaintiff and all other existing creditors similarly situated to the extent of the value of the goods, wares and merchandise and fixtures he received from the defendant Merselis, and demands judgment that a receiver be appointed and the defendant Bennett account; that the sale and transfer be declared void; that the defendant Bennett be enjoined from making any transfer or sale, and that the receiver appointed sell the property and apply the proceeds under the authority and direction of the court.

The allegation of the complaint relative to the sale is somewhat indefinite. The complaint studiously avoids a direct and plain statement that the defendant Merselis transferred a half-interest in the partnership conducted by the defendants Merselis and Bennett, but such is the only fair and reasonable construction and interpretation of the language used and seems to be definitely stated in the briefs submitted.

The question presented upon this motion is whether, under the provisions of section 44 of the Personal Property Law, known as the Bulk Sales Law, the sale of an undivided half-interest in a partnership by one partner to his fellow-partner is governed by such

statute, or not. This precise question has not been determined by any reported decision in this State. Cases in other jurisdictions involving the same point are not numerous, nor are they harmonious. A number of such decisions present a different state of facts than is presented by the case under consideration. So-called Bulk Sales Laws now exist in practically all of the States. In some a sale in bulk is void; in others it is presumptively void. The statutes are designed to prevent the sale of a mercantile business with the stock of goods and fixtures in bulk without notice, to the detriment of the creditors of the business. Some statutes, like that of New York, provide that the sale " in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures * * * otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void." In this State the first Bulk Sales Law (Laws of 1902, chap. 528) was held unconstitutional. (*Wright* v. *Hart*, 182 N. Y. 330.) Subsequently the statute was somewhat amended and was held constitutional (*Klein* v. *Maravelas*, 219 N. Y. 383), which specifically overruled the case of *Wright* v. *Hart* (*supra*).

The statute is in derogation of the common law, and of the right of one to dispose of his property without restriction, and it must therefore be strictly construed. (*Mott* v. *Reeves*, 125 Misc. 511; affd., 217 App. Div. 718; affd., 246 N. Y. 567; *Thorndike & Hix Lobster Co.* v. *Hall*, 132 Misc. 723.)

In some jurisdictions it has been held that Bulk Sales Acts were applicable to the transfer by one partner of his interest in the partnership to the remaining partner. (*Daly* v. *Sumpter Drug Co.*, 127 Tenn. 412; *Howell* v. *Howell*, 142 id. 31; *Marlow* v. *Ringer*, 79 W. Va. 568; *Spokane Merchants Asso.* v. *Koska*, 118 Wash. 445; *Watkins* v. *Angus*, 241 Mich. 690.)

In other jurisdictions such transfers have been held valid and not within the provisions of Bulk Sales Acts. (*Taylor* v. *Folds*, 2 Ga. App. 453; *Yancey* v. *Lamar-Rankin Drug Co.*, 140 Ga. 359; *Parker* v. *Tapscott*, 142 Miss. 768; *Fairfield Shoe Co.* v. *Olds* 176 Ind. 526; *Schoeppel* v. *Pfannensteil*, 122 Kan. 630.)

Distinctions may be drawn between the facts alleged in the complaint and the facts in a number of the cases in other jurisdictions above cited. In some cases the sale was not to the partner. The Indiana statute is practically identical in its provisions with that of New York. In the case of *Fairfield Shoe Co.* v. *Olds* (*supra*) the sale was by one partner to his fellow-partner, and it was held such sale was not governed by the statute. The same statement is true as to the case of *Schoeppel* v. *Pfannensteil* (*supra*), decided by the Supreme Court of Kansas. The statute in this State (Pers.

Prop. Law, § 44) contains no provision relative to sales of an interest in a partnership by one partner to his fellow-partner, nor do we find that such sales are in any manner regulated, other than in so far as the provisions of the Partnership Law may be applied to them.

The stock of goods, wares and merchandise and fixtures of the business conducted by the defendants was owned, not by the individual partners, but by the partnership. (Partnership Law, § 12.) When the transfer was made of his interest in the partnership by the defendant Merselis to the defendant Bennett, no goods " in bulk " either as " the whole of a stock of merchandise, or merchandise and of fixtures," passed to the defendant Bennett. What passed to the defendant Bennett were the property rights of a partner, viz.: (a) His rights in specific partnership property; (b) his interest in the partnership; and (c) his right to participate in the management. (Partnership Law, § 50.) The partner's interest in the partnership is his share of the profits and surplus and the same is personal property. (Partnership Law, § 52.) He is co-owner holding as a tenant in partnership. He has an equal right with his partners to possess specific partnership property for partnership purposes. His right in partnership property is not assignable. Neither is it subject to attachment or execution except on a claim against the partnership. (Partnership Law, § 51.) The dissolution of a partnership does not of itself discharge the existing liability of any partner. (Partnership Law, § 67.)

The plaintiff was not a creditor of the partnership. It had no claim of any character against the partnership at the time of the dissolution and transfer. If the partnership business as a whole had been sold, plaintiff, not being a creditor of the seller, clearly would not have been entitled to notice under section 44 of the Personal Property Law. That creditors of an individual member of a partnership are not entitled to the benefit of the statute, but that only creditors of the partnership are entitled to notice where a sale of a stock of goods in bulk is made by a partnership, has been held in other jurisdictions having similar statutes. (*Parker* v. *Tapscott, supra; Ellis Jones Drug Company* v. *Coker*, 151 Miss. 102; *Dakota Trust & Savings Bank* v. *Hanson*, [C. C. A. 8th] 5 F. [2d] 915; *Whitehouse* v. *Nelson*, 43 Wash. 174; *Garner* v. *Thompson*, 161 id. 317.)

Plaintiff could not have levied on partnership property upon an execution issued under its judgment, nor could it have levied upon any interest of the defendant Merselis in such partnership. Its only remedy would have been to procure a charging order. (Partnership Law, § 54.)

Stress is laid by plaintiff upon provisions of the Partnership Law, and upon the fact that the Uniform Partnership Law is not in effect in the States of Indiana and Kansas. It is contended that under the provisions of the Partnership Law, the partner is a co-owner and his interest must be conceived to be analogous to an undivided one-half interest in specific property, and contends that such a sale was the sale of a part of a stock of merchandise and fixtures in bulk, and within the meaning of section 44 of the Personal Property Law. We are unable to agree with counsel's contention. Under the allegations of the complaint it was the interest of the defendant Merselis in the partnership which was transferred. We believe we have sufficiently indicated that in our opinion such transfer was not a sale of merchandise, or merchandise and fixtures in bulk. A fair interpretation of the statute, its reasonable construction, and its manifest intent, indicate to us that the transfer as made in this case was not within either the letter or spirit of the statute. Plaintiff seeks to extend the provisions of the statute to a situation not contemplated by the legislative enactment, seeks benefit of a statute applying to facts, viz.: A sale of stock or part of stock of merchandise and fixtures, which it was not, for the benefit of a plaintiff who has not and does not contend it was in any manner a creditor of the partnership, advanced any portion of its funds to purchase or acquire the merchandise or fixtures, but seeks to receive the full benefit of the act which was designed for the protection of creditors who had furnished merchandise, stock, or fixtures, for the maintenance and operation of the business transferred. It seeks greater rights than it would have possessed if the business had been sold in bulk by the partnership.

We express no opinion as to the nature or purpose of the acts of the defendants. They may have been actuated by improper or fraudulent motives or purposes. If so, and the facts warrant, an action might be brought by plaintiff to set aside the transaction as in fraud of creditors, but whether such remedy is available here we do not decide. To allow the complaint to stand as stating a cause of action for a sale in violation of the Bulk Sales Law, we believe would be unwarranted, unjustified, not sustained by the provisions of the statutes, or by better reasoned authority. We believe the facts alleged are insufficient to justify the construction sought by plaintiff, and that the complaint fails to state facts sufficient to constitute a cause of action for violation of section 44 of the Personal Property Law of this State.

Our conclusion renders it unnecessary to determine that portion

of the motion of the defendant Merselis to dismiss the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice.

Motion by each defendant to dismiss complaint under rule 106 of the Rules of Civil Practice, granted, with ten dollars costs of one motion. Order to be entered to provide that plaintiff may have twenty days after entry of order and service of a copy of the same, with notice of entry thereof, in which to serve an amended complaint, if it be so advised.

Submit order accordingly.