37471. McLEOD MOTORS, INC. *v.* HARDY *et al.*

Decided January 20, 1959—Rehearing denied
February 5, 1959.

*George E. Saliba, Frank G. Wilson,* for plaintiff in error.
*Nunn & Aultman, H. A. Aultman,* contra.

NICHOLS, Judge. 1. "A sale by one partner of his interest in a mercantile business to his associates is not within the purview of the [Bulk Sales] Act." *Taylor* v. *Folds,* 2 *Ga. App.* 453 (1) (58 S. E. 683); *Yancey* v. *Lamar-Rankin Drug Co.,* 140 *Ga.* 359

(78 S. E. 1078). Therefore, the purported attempt to comply with the "Bulk Sales Act" (Code Ch. 28-2) was a useless gesture on the part of the members of the partnership when McLeod purchased Tatom's interest in such partnership, and McLeod obtained no greater interest in the partnership property than the partnership had before such sale took place. Such sale would not, even if executed in accordance with the Bulk Sales Act, prevent a creditor of the partnership from having such property levied on by purchase-money attachment had the sale to McLeod been the only sale which had taken place.

2. In view of the above, the next question presented is whether the transfer of the property from McLeod to the corporation was such a transfer as would prevent the levy of the purchase-money attachment from being lawfully made.

It was conceded on the trial of the case, when the attorney for the claimant testified from the stand, that the "bulk sale" from McLeod to the claimant corporation was not in compliance with the Bulk Sales Act. Accordingly, the transfer was void, and under such conditions the vendee, claimant, received no title as against the vendor's creditors. See *Miller Co.* v. *Lunceford,* 54 *Ga. App.* 21 (186 S. E. 766), and citations. The judgment for the plaintiff and against the claimant was demanded under all the evidence adduced on the trial of the case inasmuch as the sole issue was whether the claimant had title to the personalty so as to prevent the levy.

3. In view of what has been said above, the admission of certain evidence over the claimant's objection, which has not been considered by this court would not invalidate the judgment of the trial court who heard the case without the intervention of a jury.

4. The claimant contends that the trial court erred in denying its motion for a nonsuit, made at the conclusion of the plaintiff's evidence but not ruled upon until after all the evidence was in.

Without considering whether the claimant should have insisted upon a ruling at the time the motion was made, and whether it should be passed upon in the light of *all* the evidence adduced on the trial of the case, the parties stipulated the following facts

at the beginning of the trial: "1. The property levied on was originally sold to the defendants by the plaintiff on open account. 2. Subsequently thereto, in May, 1957, Tatom, who was a partner of McLeod, sold his entire interest in the partnership, including the property here in issue, to McLeod. 3. McLeod immediately or shortly thereafter sold all of the assets of the former partnership, including the property here in issue, to the claimant, a corporation. However, plaintiff contends that such sale was not a valid sale."

As has been observed in the second division of this opinion, the sale from McLeod to the corporation was one covered by the Bulk Sales Act, and where such a sale is made without complying with such act it is conclusively presumed to be fraudulent as to the vendor's creditors. Accordingly, where the stipulation was that the "bulk sale" was made and in the absence of evidence that the Bulk Sales Act was complied with, it cannot be said that the evidence at the time the plaintiff rested would not have supported a finding that title to the property was not in the defendant McLeod as to his creditors.

While the claimant, in its brief, argues that the plaintiff failed to prove the allegations of the purchase-money attachment, such contention is without merit in a controversy between the plaintiff and the claimant where the sole issue to be tried is that of title. See *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (33 S. E. 73) ; *Newsome Lumber Co.* v. *Ramsey Motor Co.,* 36 *Ga. App.* 194 (136 S. E. 166), and citations.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*